1  DAVID R. ONGARO, State Bar No. 154698
   DAVID R. BURTT, State Bar No. 201220
2  JONMI N. KOO, State Bar No. 233136
   PERKINS COIE LLP
3  Four Embarcadero Center, Suite 2400
   San Francisco, CA 94111-4131
4  Telephone: (415) 344-7000
   Facsimile: (415) 344-7050
5

6  Attorneys for Defendant
   INTERSTATE DISTRIBUTOR CO.
7

8             UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  MARTIN MARINE, on behalf of himself and      Case No.
    all others similarly situated,
13                                               **NOTICE OF REMOVAL OF ACTION**
                     Plaintiffs,                 **UNDER 28 U.S.C. § 1441(b)**
14

15               v.

16  INTERSTATE DISTRIBUTOR CO., a
    Washington corporation doing business in
17  California; and DOES 1 through 100, inclusive,

18                   Defendants.

19

20  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21       PLEASE TAKE NOTICE that Defendant Interstate Distributor Co. ("Interstate" or

22  "Defendant"), by and through its undersigned counsel, hereby removes this action to the United

23  States District Court for the Northern District of California pursuant to 28 U.S.C. Section 1441.

24       On or about November 28, 2007, plaintiff Martin Marine ("Plaintiff") commenced an

25  action in the Superior Court of the State of California, County of Alameda, entitled Martin

26  Marine v. Interstate Distributor Co. and DOES 1 through 100, inclusive, Case No. RG 07-

27  358277 ("Complaint"). A copy of the Summons and Complaint are attached as Exhibit A.

28

---

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(b)
Case No.
64579-0001/LEGAL13862145.1

1    Plaintiff served Interstate with the Summons and Complaint, via substitute service, on December

2    10, 2007. Specifically, on December 10, 2007, Plaintiff's process server left a copy of the

3    Summons and Complaint with a receptionist at Interstate's office, and mailed the same via U.S.

4    Mail. A copy of the Notice of Service of Process is attached as Exhibit B. Accordingly, removal

5    is timely pursuant to 28 U.S.C. Section 1446(b).

6        1.    Jurisdiction. This action is a civil action of which the Court has original

7    jurisdiction under 28 U.S.C. Section 1332 (diversity jurisdiction), and is one which Interstate

8    may remove to this Court pursuant to the provisions of 28 U.S.C. Sections 1441 and 1446 in that

9    it is a civil action between citizens of different states, the matter in controversy exceeds the sum

10   of $75,000, exclusive of interests and costs, and Interstate is not a citizen of California.

11       2.    Diversity of Citizenship. Complete diversity of citizenship exists because of the

12   following:

13           (a)    Interstate is informed and believes, and on that basis alleges, that Plaintiff,

14   at the time he commenced this action, was, and still is, a citizen of the State of California.

15           (b)    Defendant Interstate Distributor Co., at the time Plaintiff commenced this

16   action, was, and still is, a corporation incorporated under the laws of Washington, with its

17   principal place of business located in Tacoma, Washington, and thus was and is a citizen of

18   Washington.

19           (c)    Interstate is informed and believes and on that basis alleges that none of

20   the "Doe" defendants have been served with the Summons and Complaint.

21       3.    Amount in Controversy. The damages sought by Plaintiff far exceed the

22   minimum jurisdictional amount of $75,000. Plaintiff alleges that Interstate engaged in willful

23   and repeated violations of the California Labor Code over a period of more than four years,

24   including violations of Labor Code section 226.7 (rest and rest period periods) and 226 (itemized

25   wage statements). For these alleged violations, Plaintiff demands "one hour of additional pay at

26   the employees' regular rate of pay for each work day the rest period is not provided" and another

27   "hour of additional pay at the employees' regular rate of pay for each work day the meal break is

28   not provided." *See* Complaint, ¶¶25, 30. Plaintiff also demands substantial penalties pursuant to

- 2 -

1   Labor Code section 1199 and reasonable attorneys' fees pursuant to Labor Code section 218.5.

2   *See id.*, ¶¶25, 30, 34.  Plaintiff also demands that Interstate disgorge a "significant sum of dollars"

3   unlawfully gained by its allegedly unfair and unlawful business practices.  *See id.*, ¶¶40, 42.

4        4.    <u>Intradistrict Assignment</u>.  Pursuant to 28 U.S.C. § 1441(a), assignment to the

5   United States District Court for the Northern District of California (San Francisco Division) is

6   proper because Plaintiff filed the action being removed in the Superior Court of California,

7   County of Alameda.

8        5.    <u>Attachment of Pleadings</u>.  Other than the Complaint, the rest of the documents

9   served on Defendant are attached hereto as Exhibit C.

10       6.    <u>Notice to State Court/Plaintiff</u>.  Pursuant to 28 U.S.C. § 1446(d), Interstate will

11  promptly serve on Plaintiff and file with the Superior Court a "Notice to Adverse Party of

12  Removal to Federal Court."  Pursuant to Federal Rule of Civil Procedure 5(d), Interstate will

13  also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to

14  Federal Court."

15       WHEREFORE, Interstate requests that this Court consider this Notice of Removal as

16  provided by law governing the removal of cases to this Court, that this Court take such steps as

17  are necessary to achieve the removal of this matter to this Court from the Alameda County

18  Superior Court, and that this Court will make such other orders as may be appropriate to effect

19  the preparation and filing of a true record in this cause of all proceedings that may have been had

20  in the state court action.

21

22  DATED:  January 9, 2008            **PERKINS COIE LLP**

23

24                          By:  *Jonmi Koo*
                                  Jonmi N. Koo

25                          Attorneys for Defendant
                            INTERSTATE DISTRIBUTOR CO.
26

27  64579-0001/LEGAL13862145.1

28

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(b)
Case No.

**EXHIBIT A**



# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT U
(SOLO PARA USO

*6149420*

FILED ALAMEDA COUNTY

NOV 28 2007

CLERK OF SUPERIOR COURT

BY *Alphonsine Oates*
DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INTERSTATE DISTRIBUTOR CO., a Washington corporation doing business in California; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARTIN MARINE, on behalf of himself and all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una Carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la cortey más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>California Superior Court – County of Alameda – Rene C. Davidson Courthouse<br>1225 Fallon Street<br>Oakland, California 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>**RG0 7353 277** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marc G. Kroop                          San Diego, California 92121
ADVANTAGE LAW GROUP, APC               (858)793-8565
5820 Oberlin Drive, Suite 110

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* | NOV 28 2007 PAT S. SWEETEN | Clerk, by<br>*(Secretario)* | *Alphonsine Oates* | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010))
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐  as an individual defendant.
2. ☐  as the person sued under the fictitious name of *(specify):*

3. ☐  on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐  by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com



1   Patrick J.S. Nellies (SBN 171254)
    Marc G. Kroop (SBN 168600)
2   Anthony Ruggieri (SBN 195202)
    John R. Goffar (SBN 184988)
3   **ADVANTAGE LAW GROUP, APC**
    5820 Oberlin Drive, Suite 110
4   San Diego, California 92121
    Telephone: (858) 793-8565
5   Facsimile: (858) 793-8569

6   Patrick N. Keegan, Esq. (167698)
    Brent Jex, Esq. (235261)
7   **KEEGAN & BAKER, LLP**
    4370 La Jolla Village Drive, Suite 640
8   San Diego, California 92122
    TEL:   (858) 552-6750
9   FAX:   (858) 552-6749

10  Attorneys for Plaintiff and the Class

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                  **FOR THE COUNTY OF ALAMEDA**                    RG0 7 3 5 8 2 7 7

13  MARTIN MARINE, on behalf of himself and all    )   CASE NO.:
    others similarly situated,                     )
14                                                 )
                                                   )   **CLASS ACTION COMPLAINT FOR**
15                                   Plaintiffs,   )   **DAMAGES   AND   INJUNCTIVE**
                                                   )   **RELIEF FOR:**
16  vs.                                            )
                                                   )   1)   **Failure to Provide Rest**
17  INTERSTATE DISTRIBUTOR CO., a                  )        **Periods;**
    Washington corporation doing business in       )   2)   **Failure to Allow Meal Periods;**
18  California; and DOES 1 through 100, inclusive, )   3)   **Failure to Provide Properly**
                                                   )        **Itemized Wage Statements in**
19                                                 )        **Violation of the California**
                                                   )        **Labor Code**
20                                   Defendants.   )   4)   **Unlawful and Unfair Business**
                                                   )        **Acts and Practices in Violation**
21                                                 )        **of California Business &**
                                                   )        **Professions Code §17200, *et seq***
22                                                 )
                                                   )   **JURY TRIAL DEMANDED**
23                                                 )
                                                   )
24                                                 )
                                                   )
25                                                 )
                                                   )
26                                                 )
                                                   )
27                                                 )
                                                   )
28  ─────────────────────────────────────────     )

                                        -1-
─────────────────────────────────────────────────────────────────
            CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    Plaintiff MARTIN MARINE (hereinafter referred to as "Plaintiff") by his attorneys,

2  individually and on behalf of all others similarly situated, alleges as follows:

3                                        **NATURE OF ACTION**

4        1.       This is a class action for economic damages on behalf of all persons employed in the

5  position of "Company Driver" by Defendant INTERSTATE DISTRIBUTOR CO. (hereinafter

6  referred to as "INTERSTATE) in the State of California over the past four (4) years. Plaintiff alleges

7  that INTERSTATE failed to comply with California laws by regularly denying its Company Drivers

8  with regular meals and rest periods in which Company Drivers were relieved of all duties and

9  appropriate rest periods in violation Industrial Welfare Commission ("IWC") Wage Order 9-2001,

10  Section 512 of the California Labor Code and 8 California Code of Regulations § 11090.

11                                    **JURISDICTION AND VENUE**

12       2.       This Court has jurisdiction over this action pursuant to Section 410.10 of the

13  California Code of Civil Procedure, as INTERSTATE does business in the State of California and

14  has employed Plaintiff and each member of the putative class in the State of California.

15       3.       Venue is properly in this Court because INTERSTATE conducts business in Union

16  City, California within the judicial district of the County of Alameda, and the named Plaintiff

17  performed work and suffered damages at INTERSTATE's place of business located in Union City,

18  California within the judicial district of the County of Alameda, which forms the basis of his claim.

19  Moreover, by doing business in the judicial district of the County of Alameda, INTERSTATE is

20  alleged to have committed violations of the California Labor Code and the California Business and

21  Professions Code in this judicial district, which have had an adverse effect upon the finances of

22  residents of the County of Alameda.

23                                            **PARTIES**

24       4.       Defendant INTERSTATE is registered in the State of California as a corporation.

25  On its Internet website, INTERSTATE represents that is a leader in the transportation industry, with

26  terminal and yard facilities located in Fontana, Orland, Union City, and West Sacramento,

27  California. At all relevant times hereto, Defendant INTERSTATE has done business in California

28  and within this judicial district, and at all relevant times employed Plaintiff, controlling the

-2-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   employment and the method of the payment of wages to Plaintiff and each member of the putative

2   class in the State of California.

3       5.    Plaintiff MARTIN MARINE is an adult resident of Orange County, California.

4   During the Class period stated herein, Plaintiff was employed as a "Company Driver" for Defendant

5   INTERSTATE.

6       6.    Plaintiff is informed and believes, and based thereon alleges, that at all relevant times,

7   INTERSTATE and DOES 1-100, inclusive, were agents, franchisers, franchisees, employees,

8   representatives, owners, partners, shareholders, and related or affiliated entities or providers of

9   services to or on behalf of INTERSTATE, and in doing the things hereinafter mentioned, were acting

10  in the course and scope of their agency, employment, or retention with the permission, consent,

11  authority and ratification of INTERSTATE. Plaintiff is presently unaware of the true names and

12  identities of those defendants fictitiously sued herein as DOES 1-100. Any reference made to a

13  named defendant by specific name or otherwise, individually or plural, is also a reference to the

14  actions or inactions of DOES 1-100, inclusive.

15      7.    Plaintiff is informed and believes, and based thereon alleges, that the this Court has

16  both subject matter and personal jurisdiction over DOES 1-100, inclusive, and that venue is proper

17  in this Court with respect to those defendants.

18                          <u>**CLASS ACTION ALLEGATIONS**</u>

19      8.    Plaintiff brings this action on his own behalf and on behalf of all other persons

20  similarly situated. Without prejudice to later revision, the class which Plaintiff seeks to represent

21  is composed of all persons employed by Defendant INTERSTATE DISTRIBUTOR CO. in the

22  position of Company Driver in the State of California (the "Class") during the period commencing

23  from November 21, 2003 up until the date of trial (the "Class Period").

24      9.    This action is properly maintainable as a class action. The Class is sufficiently

25  numerous, composed of all persons who were employed by INTERSTATE in the position of

26  Company Driver in the State of California, the joinder of whom is impracticable. The disposition

27  of their claims in a class action will benefit both the parties and the Court.

28      10.   A well-defined community of interest in the questions of law and fact involving and

-3-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

affecting all members of the Class exists and common questions of law and fact predominate over questions which may affect only individual Class members. The common questions include, *inter alia*, the following:

>    1.    Whether INTERSTATE failed to provide appropriate meal periods in which Company Drivers were relieved of all duties;
>
>    2.    Whether INTERSTATE failed to allow for regular rest periods for its Company Drivers;
>
>    3.    Whether INTERSTATE's conduct violates the California Labor Code requirement to provide itemized wage statements;
>
>    4.    Whether INTERSTATE's conduct is unlawful and/or unfair constituting violations of Section 17200, *et seq.* of the California Business and Professions Code;

11.    Plaintiff's and the Class' claims for restitution and damages arise from and were caused by INTERSTATE's illegal failure to provide appropriate meal and rest periods and proper itemized wage statements. Since Plaintiff's claims and the claims of the Class members all derive from a common nucleus of operative facts, Plaintiff is asserting claims that are typical of the claims of the entire Class.

12.    Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has no interests which are contrary to or in conflict with those of the Class he seeks to represent. Plaintiff has retained competent counsel experienced in class action litigation and employment law to further ensure such protection and intend to prosecute this action vigorously.

13.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the party opposing the Class and would lead to repetitious trials of the numerous common questions of fact and law. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is far superior to other available methods for the fair and efficient adjudication of this controversy.

-4-

14.    Proper and sufficient notice of this action may be provided to the Class members through notice by such means as direct mail, electronic mail, publication on the internet, and/or television, radio, and/or print media outlets.  Specifically, INTERSTATE represents on its Internet website that "Interstate Distributor Co. provides online employment verifications of **former company drivers and owner operators.**" (Emphasis in the original.)

15.    Plaintiff and the Class have suffered irreparable harm and damages as a result of INTERSTATE's wrongful conduct as alleged herein.  Absent a representative action, Plaintiff and the Class will continue to suffer losses, thereby allowing these violations of law to proceed without remedy, and allowing INTERSTATE to retain the proceeds of its ill-gotten gains.

## FACTUAL ALLEGATIONS

16.    INTERSTATE provides trucking services and has operated in California availing itself of the rights and benefits of California's laws since approximately 1973.  INTERSTATE is required to complies with California labor laws that entitle employees, including Company Drivers, who work more than five (5) hours in a day to a meal period of at least thirty (30) minutes, and a second meal period of at least thirty (30) minutes if they work more than ten (10) hours in a day. Labor Code §§ 226.7, 512 and Wage Order No. 4-2000 ¶11(B).  INTERSTATE's obligation to provide the plaintiffs with an adequate meal period is not satisfied by assuming that the meal periods were taken, because employers have "an affirmative obligation to ensure that workers are actually relieved of all duty." (Dept. of Industrial Relations, DLSE, Opinion Letter No. 2002.01.28 (Jan. 28, 2002) p. 1.) INTERSTATE also has a duty, under IWC wage order No. 9-2001, section 7, to record their employees' meal periods. Moreover, INTERSTATE has an affirmative obligation to ensure that its employees are actually relieved of all duties when they take meal and rest period breaks.

17.    On its Internet website, INTERSTATE claims to "recognize and understand what a challenging job [Company Drivers] have. You spend a lot of time away from home, live in a space smaller than a walk-in closet, and you can't always be home for special events. You get very few home cooked meals, come in contact with people who sometimes fail to treat you with respect, and work often when the rest of us are sleeping. You deliver your freight on time every time, despite rain, sleet, or snow. And, you must safely share the road with motorists who often do not know how to

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    share it safely with you. You must have people skills to communicate effectively with shippers,

2    receivers, fuel attendants, and customers."

3         18.    On its Internet website, INTERSTATE represents that "State-of-the-art two-way

4    satellite communications [are] Placed on all vehicles" which allow for "On-time performance

5    reporting and monitoring", and that "Our [Company trucks] are equipped with state-of-the art mobile

6    satellite communications using DriverTech and Qualcomm systems. These systems provide instant

7    communication between you and the office."

8         19.    Plaintiff is employed as a Company Driver for INTERSTATE and has been so

9    employed since July 17, 2006. Plaintiff's duties primarily consist of driving/operating a truck owned

10    by INTERSTATE within the state of California. The trucks assigned and operated by Plaintiff and

11    the Class are equipped with state-of-the art mobile satellite communications that provide instant

12    communication between INTERSTATE and Plaintiff and the Class as well as on-time performance

13    reporting and monitoring.

14         20.    Throughout the course of his employment with INTERSTATE Plaintiff has been

15    employed as a Company Driver. His primary job duties include, driving, filling out required

16    paperwork, re-fueling the vehicle and other related duties of a Company Driver.

17         21.    Throughout the Class period, INTERSTATE encouraged, expected, permitted and

18    mandated Plaintiff and the Class to work without providing regular meals and rest periods and in

19    fact prevented Plaintiff and the Class from having appropriate meals and rest periods by its policies

20    and procedures. This occurred despite the fact that Plaintiff's vehicle and the vehicles operated by

21    the Class Members have a tracking system which tracks the progress of the vehicles. However, the

22    system does not track meals and/or rest periods. That issue along with the scheduling of deliveries

23    back to back has made Plaintiff and Class Members unable to take appropriate meals and rest

24    periods. INTERSTATE as a policy automatically deducts for meal periods regardless of whether

25    Company Drivers actually take meal periods. Company Drivers do not certify that they actually have

26    received a meal period even though the time is automatically deducted from their paychecks.

27    Plaintiff alleges that INTERSTATE knows that this causes numerous violations of the Labor Code

28    but despite that knowledge has taken no action to correct its internal tracking due to the great

-6-

1    financial benefits it receives by not providing appropriate meals and rest periods.

2    **FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THOSE SIMILARLY SITUATED AGAINST ALL DEFENDANTS**

3    **(Violation of California Labor Code § 226.7 - Failure to Provide Rest Periods)**

4    22.    Plaintiff and the Class hereby incorporate by this reference each and every preceding

5    paragraph of this complaint as if fully set forth herein.

6    23.    At all times herein mentioned, Plaintiff and the Class were Company Drivers subject

7    to the "rest period" provisions of the Labor Code, Wage Orders, and Code of Regulations. No valid

8    legal or applicable exception to the rest period requirement existed to allow INTERSTATE to avoid

9    providing Plaintiff and the Class with regular rest period(s) as required by the Labor Code, wage

10    orders and/or regulations.

11    24.    From at least November 21, 2003 , INTERSTATE failed, prevented and refused to

12    permit Plaintiff and the Class to take rest periods during every four-hour period worked. According

13    to the IWC, Wage Order No. 9-2001 provides: "Every employer shall authorize and permit all

14    employees to take rest periods, which insofar as practicable shall be in the middle of each work

15    period The authorized rest period time shall be based on the total hours worked daily at the rate of

16    ten (10) minutes net rest time per four (4) hours of major fraction thereof. However a rest period

17    need not be authorized for employees whose total daily work time is less than three and one-half (3

18    ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no

19    deduction from wages." (Cal. Code Regs., tit. 8 section 11090, subd. (12)(A). If an employer fails

20    to provide an employee a rest period in accordance with the applicable provisions of this order, the

21    employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation.

22    25.    Plaintiff and the Class request relief pursuant to California Labor Code § 226.7(b)

23    which provides for one hour of additional pay at the employees' regular rate of pay for each work

24    day the rest period is not provided. Plaintiff and the Class demand one hour's compensation due

25    under the Labor Code all for their lost meal breaks. Plaintiff and the class demand penalties pursuant

26    to California Labor Code § 1199. Further, Plaintiff and the Class demand reasonable attorney's

27    fees and costs of suit, pursuant to California Labor Code §218.5.

28

-7-

## SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THOSE SIMILARLY SITUATED AGAINST ALL DEFENDANTS
### (Violation of California Labor Code § 226.7 - Failure to Allow Meal Periods)

26.     Plaintiff and the Class hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

27.     At all times herein mentioned, Plaintiff and the Class were subject to the "meal period" provisions of the Labor Code, Wage Orders, and Code of Regulations. No valid legal or applicable exception to the meal requirement existed to allow INTERSTATE to avoid providing Plaintiff and the Class with regular meal breaks as required by the Labor Code.

28.     Under California law, meal periods must be recorded unless all operations cease during the scheduled meal periods. Defendant INTERSTATE did not schedule meal periods for Plaintiff and the Class and did not arrange for Plaintiff and the Class to relieved of duties during scheduled meal periods. Plaintiff and the Class are not only entitled to compensation for the lost meal periods, but to the extent that INTERSTATE claims that meal periods were taken which are not documented, Plaintiff and the Class also seek all applicable penalties for INTERSTATE's failure to keep accurate time records.

29.     From at least November 21, 2003 to the present, INTERSTATE failed to allow Plaintiff and the Class to take thirty (30) minute meal periods for every five (5) hours worked. INTERSTATE denied them such meal periods and INTERSTATE's agents and management was well aware that meal periods were being denied to its employees. Plaintiff and the Class regularly work and have worked in excess of five (5) and ten (10) hours a day without being afforded at least 30-minute meal periods in which they were relieved of all duties as required by Labor Code §§ 226.7, 512 and IWC Wage Order No. 9-2001.

30.     Plaintiff and the Class request relief pursuant to California Labor Code § 226.7(b) which provides for one hour of additional pay at the employees' regular rate of pay for each work day the meal break is not provided. Plaintiff and the Class demand one hour's compensation due under the Labor Code all for their lost meal breaks.     Plaintiff and the class demand penalties

-8-

1  pursuant to California Labor Code  § 1199. Further, Plaintiff and the Class demand reasonable

2  attorney's fees and costs of suit, pursuant to California Labor Code §218.5.

3  **THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THOSE SIMILARLY**

4  **SITUATED AGAINST ALL DEFENDANTS**

   **(Failure to Provide Properly Itemized Wage Statements in Violation of the California**

5  **Labor Code)**

6       31.    Plaintiff and the Class hereby incorporate by reference and re-alleges each and every

7  preceding paragraph of this complaint as if set forth fully herein.

8       32.    Pursuant to California Labor Code §§ 226, among other authority, an employer is

9  required to furnish each of its, his or her employees, either as a detachable part of the check, draft,

10 or voucher paying the employee's wages, or separately when wages are paid by personal check or

11 cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

12 worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if

13 the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on

14 written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6)

15 the inclusive dates of the period for which the employee is paid, (7) the name of the employee and

16 his or her social security number, (8) the name and address of the legal entity that is the employer,

17 and (9) all applicable hourly rates in effect during the pay period and the corresponding number of

18 hours worked at each hourly rate by the employee.

19      33.    In violation of said sections of the Labor Code, INTERSTATE has failed to provide

20 properly itemized wage statements to Plaintiff and the Class.

21      34.    As a result of such violations, Plaintiff and the Class request the maximum amount

22 of penalties and other relief allowed by law.

23 **FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THOSE**

24 **SIMILARLY SITUATED AGAINST ALL DEFENDANTS**

   **(Unlawful and Unfair Business Acts and Practices in**

25 **Violation of California Business & Professions Code §17200, *et seq.*)**

26

27      35.    Plaintiff and the Class hereby incorporate by this reference each and every preceding

28 paragraph of this complaint as if fully set forth herein.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

36.    The acts, omissions, and practices of INTERSTATE as alleged herein constitutes unlawful and unfair business acts and practices within the meaning of Section 17200, *et seq*. of the California Business & Professions Code.

37.    INTERSTATE has engaged in "unlawful" business acts and practices by INTERSTATE's failure to provide appropriate meal and rest periods and itemized wage statements.

38.    Plaintiff and the Class reserve the right to allege other violations of law which constitute unlawful acts or practices.

39.    INTERSTATE has also engaged in "unfair" business acts or practices in that the harm caused by INTERSTATE's conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Plaintiff and the Class, and provides INTERSTATE with an unfair competitive advantage over those employers that abide by the law, properly provide meals, rest periods and itemized wage statements in accordance with the law.

40.    As a result of the conduct described above, INTERSTATE has been and will be unjustly enriched at the expense of Plaintiff and the Class.  Specifically, INTERSTATE has been unjustly enriched by the retention of a significant sum of dollars in wages earned and wrongfully withheld from Plaintiff and the Class.

41.    The aforementioned unlawful or unfair business acts or practices conducted by INTERSTATE has been committed in the past and continues to this day.  INTERSTATE has failed to acknowledge the wrongful nature of its actions.  INTERSTATE has not corrected or publicly issued individual and comprehensive corrective notices to Plaintiff and the Class or provided full restitution and disgorgement of all ill-gotten monies either acquired or retained by INTERSTATE as a result thereof, thereby depriving Plaintiff and the Class the minimum working conditions and standards due them under California Labor Laws and Industrial Welfare Commission Wage Orders.

42.    Pursuant to Section 17203 of the California Business & Professions Code, Plaintiff and the Class seek an order of this Court requiring INTERSTATE to disgorge all ill-gotten gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by INTERSTATE

-10-

1  by means of such "unlawful" and "unfair" conduct, plus interest, so as to restore any and all monies

2  to Plaintiff and the Class and the general public which were acquired and obtained by means of such

3  "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by INTERSTATE.

4  Plaintiff and the Class additionally request that such funds be impounded by the Court or that an

5  asset freeze or constructive trust be imposed upon such revenues and profits to avoid dissipation

6  and/or fraudulent transfers or concealment of such monies by INTERSTATE. Plaintiff and the Class

7  may be irreparably harmed and/or denied an effective and complete remedy if such an order is not

8  granted.

9      43.    Pursuant to the Section 17203 of the California Business & Professions Code,

10  Plaintiff and the Class seek an order of this Court for equitable and/or injunctive relief in the form

11  of requiring INTERSTATE provide appropriate meal and rest periods and keep accurate records of

12  time worked, and to insure the payment of earned overtime wages henceforth.

13                                    **PRAYER**

14      WHEREFORE, Plaintiff request of this Court the following relief, on behalf of themselves

15  and all others similarly situated:

16

17      1.    That this action be certified as a class action on behalf of the proposed plaintiff Class

18  and Plaintiff be appointed as the representative of the Class;

19      2.    Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten

20  gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by

21  Defendant by means of such "unfair" and "unlawful" conduct, plus interest;

22      3.    Injunctive relief in the form of an order requiring INTERSTATE to provide Plaintiff

23  and members of the Class with appropriate meal and rest periods and to keep accurate records of

24  time worked;

25      4.    Prejudgment and post judgment interest as provided by statute;

26

27      5.    All Pay owed pursuant to California Labor Code section 226.7(b) and Wage Order

28         9-2001;

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## DEMAND FOR JURY TRIAL

Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: November 20, 2007                     ADVANTAGE LAW GROUP, A.P.C.


By: _____
   Marc G. Kroop,
   Attorneys for Plaintiff
   and the Class


Dated: November 20, 2007                     KEEGAN & BAKER, LLP


By: _____
   Patrick N. Keegan, Esq.
   Attorneys for Plaintiff
   and the Class

-13-

**EXHIBIT B**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | FOR COURT USE ONLY |
|---|---|
| Patrick J.S. Nellies,  SBN 171254<br>ADVANTAGE LAW GROUP, APC<br>5820 Oberlin Drive<br>Suite 110<br>San Diego, CA  92121<br>    TELEPHONE NO.:      (858) 793-8565      FAX NO.: *(Optional)*  (858) 793-8569<br>E-MAIL ADRESS *(Optional):*<br>ATTORNEY FOR (Name):  Martin Marine, etc. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS:      1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:      Oakland, CA  94612
BRANCH NAME:

| PLAINTIFF/PETITIONER:         Martin Marine, etc. | CASE NUMBER:<br>RG07358277 |
|---|---|
| DEFENDANT/RESPONDENT:         Interstate Distributor Co., etc. | |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):*    CIVIL CASE COVER SHEET ADDENDUM; NOTICE OF HEARING

3. a. Party served *(specify name of party as shown on documents served):*    Interstate Distributor Co., a Washington corporation doing business in California
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*    Kim Namhie, Authorized Agent

4. Address where the party was served:      11128 Hamlock Avenue, Fontana, CA 92337

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                   (2) at *(time):*
   b. [X] **by substituted service.** On *(date):*    December 10, 2007 at *(time):*    1:00 p.m.   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
      Kristen Jolley, Receptionist authorized to accept on behalf of Kim Namhie, Authorized Agent
      (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.   I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.
      (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., Section 415.20).  I mailed the documents on *(date):*    from *(city):*    **or** [X] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, Section 417.10

| | |
|---|---|
| PLAINTIFF/PETITIONER: Mar Glanne, etc. | CASE NUMBER: RG07358277 |
| DEFENDANT/RESPONDENT: Interstate Distributor Co., etc. | |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.

    (1) on *(date):*             (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) Code Civ. Proc., Section 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., Section 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of (specify):
  c. ☐ as occupant
  d. ☒ on behalf of (specify): Interstate Distributor Co., a Washington corporation doing business in California
    under: ☒ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                 ☐ other:

7. **Person who served papers**
  a. Name:         CalExpress
  b. Address:      917 West Grape Street, San Diego, CA 92101
  c. Telephone number:    (619) 685-1122
  d. **The fee** for service was:$  83.25
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☒ exempt from registration under B&P section 22350(b)
    (3) ☐ a registered California process server.
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date:   December 10, 2007

BASHIEFF JONES

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)       (SIGNATURE)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
Patrick J.S. Nellies,  SBN 171254
ADVANTAGE LAW GROUP, APC
5820 Oberlin Drive
Suite 110
San Diego, CA  92121
TELEPHONE NO.:    (858) 793-8565    FAX NO.: (Optional)  (858) 793-8569
E-MAIL ADRESS (Optional):
ATTORNEY FOR (Name):  Martin Marine, etc.

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS:    1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:    Oakland, CA  94612
BRANCH NAME:

PLAINTIFF/PETITIONER:        Martin Marine, etc.
DEFENDANT/RESPONDENT:    Interstate Distributor Co., etc.

CASE NUMBER:
RG07358277

Ref. No. or File No.:

### PROOF OF SERVICE BY MAIL

I, the undersigned, certify and declare as follows:

I am over the age of 18 years, and not a party to this action.  My business address is 917 West Grape Street, San Diego, CA 92101, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and process is deposited with the United States Postal Service that same day in the ordinary course of business.

On December 10, 2007   at my place of business at San Diego, California, copy of the:

SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; NOTICE OF HEARING

were placed for deposit in the United States Postal service in a sealed envelope with postage prepaid, addressed to:

INTERSTATE DISTRIBUTOR CO.
11128 HAMLOCK AVENUE
FONTANA, CA  92337

and that envelope was placed for collection and mailing (by first-class, postage prepaid) on that date following ordinary business practice.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed    December 10, 2007 at San Diego, California.

ARIEL PANTANELLA

PROOF OF SERVICE BY MAIL

**EXHIBIT C**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*
Marc G. Kroop (168600)
ADVANTAGE LAW GROUP, APC
5820 Oberlin Drive, Suite 110
San Diego, California 92121
TELEPHONE NO.: (858) 793-8565    FAX NO.: (858) 793-8569
ATTORNEY FOR *(Name):* Martin Marine and the Class

FOR COURT USE ONLY

*6149408*

FILED ALAMEDA COUNTY

NOV 28 2007

CLERK OF SUPERIOR COURT
BY _____
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Martin Marine v. Interstate Distributor Co.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000)   ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RG0 7358 277<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Four (4)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
November 27, 2007
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: Marine v. Interstate Distributor Co. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G)  Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (G) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [X] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial   Is the deft. in possession |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential   of the property? |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs   [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate   Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |

202-19 (5/1/00)

A-13

Advantage Law Group, APC
Attn: Kroop, Marc G.
5820 Oberlin Drive
Suite 110
San Diego, CA   92121

INterstate Distributor Co.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Marine | No. RG07358277 |
| Plaintiff/Petitioner(s) | |
| VS. | |
| INterstate Distributor Co. | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 01/30/2008    TIME: 02:00 PM    DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
                      1221 Oak Street, Oakland

Case Management Conference:
DATE: 03/05/2008    TIME: 02:00 PM    DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
                      1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6936.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 267-6936.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  11/29/2007                              Executive Officer / Clerk of the Superior Court

                                   By _____

                                                                              Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 11/29/2007.

                                   By _____

                                                                              Deputy Clerk