1  DAVID R. ONGARO, State Bar No. 154698
   DAVID R. BURTT, State Bar No. 201220
2  JONMI N. KOO, State Bar No. 233136
   PERKINS COIE LLP
3  Four Embarcadero Center, Suite 2400
   San Francisco, CA  94111-4131
4  Telephone:  (415) 344-7000
   Facsimile:  (415) 344-7050
5

6  Attorneys for Defendant
   INTERSTATE DISTRIBUTOR CO.
7

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                     OAKLAND DIVISION

11

12  MARTIN MARINE, on behalf of himself and        Case No. C 08 0152 CW
    all others similarly situated,
13                                                  **CERTIFICATION OF SERVICE OF
                                                    NOTICE TO ADVERSE PARTY IN
14                 Plaintiffs,                      FEDERAL COURT**

15          v.

16  INTERSTATE DISTRIBUTOR CO., a
    Washington corporation doing business in
17  California; and DOES 1 through 100, inclusive,

18                 Defendants.

19

20          Sheila Merrill certifies and declares as follows:

21          I am over the age of 18 years and not a party to this action.

22          My business address is Four Embarcadero Center, Suite 2400, San Francisco, California

23  94111, which is located in the city, county and state where the mailing described below took

24  place.  I am personally familiar with the business practice of Perkins Coie LLP.  On January 10,

25  2008, I served a copy of the **NOTICE TO ADVERSE PARTY OF REMOVAL TO

26  FEDERAL COURT** dated January 9, 2008, and **PROOF OF SERVICE** thereof, copies of

27  which are attached to this Certificate, on the following parties:

28

1

2    Patrick J. S. Nellies, Esq.                        *Attorneys for Plaintiffs*
     Marc G. Kroop, Esq.
3    John R. Goffar, Esq.
     ADVANTAGE LAW GROUP, APC
4    5820 Oberlin Dr., Suite 110
     San Diego, CA  92121
5

6    Patrick N. Keegan, Esq.                            *Attorneys for Plaintiffs*
     Brent Jex, Esq.
7    KEEGAN & BAKER, LLP
     4370 La Jolla Village Dr., Suite 640
8    San Diego, CA  92122

9
     Clerk of the Court
10   Alameda County Superior Court
     1225 Fallon Street
11   Oakland, CA  94612

12   _____   (By Overnight Courier)  I caused each envelope, with postage fully prepaid, to be
             sent by _____.
13

      X      (By Mail)  I caused each envelope with postage fully prepaid to be placed for
14           collection and mailing following the ordinary business practices of Perkins Coie
             LLP.
15
     _____   (By Hand)  I caused each envelope to be delivered by hand to the offices listed
16           above.

17   _____   (By Facsimile/Telecopy)  I caused each document to be sent by Automatic
             Facsimile/Telecopier to the number(s) indicated above.
18

19           I declare under penalty of perjury under the laws of the State of California that the above

20   is true and correct and that this declaration was executed at San Francisco, California.

21
             DATED:  January 11, 2008                   *Sheila M. Merrill*
22
                                                        Sheila M. Merrill
23                                                      (Original signature retained by Perkins Coie)

24   64579.0001/LEGAL13862004.1

25

26

27

28
                                              - 2 -
     CERTIFICATION OF SERVICE OF NOTICE TO ADVERSE
     PARTY IN FEDERAL COURT
     Case No. C 08 0152 CW

1 | DAVID R. ONGARO, State Bar No. 154698
DAVID R. BURTT, State Bar No. 201220
2 | JONMI N. KOO, State Bar No. 233136
PERKINS COIE LLP
3 | Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
4 | Telephone: (415) 344-7000
Facsimile: (415) 344-7050

ENDORSED
FILED
ALAMEDA COUNTY

JAN 1 0 2008

CLERK OF THE SUPERIOR COURT
By Alphonsine Oates, Deputy

6 | Attorneys for Defendant
INTERSTATE DISTRIBUTOR CO.

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF ALAMEDA

11 | MARTIN MARINE, on behalf of himself and all
12 | others similarly situated,

13 | Plaintiffs,

14 | v.

15 | INTERSTATE DISTRIBUTOR CO., a
16 | Washington corporation doing business in
California, and DOES 1 through 100, inclusive,
17

18 | Defendants.

No. RG07358277

**NOTICE TO ADVERSE PARTY OF
REMOVAL TO FEDERAL COURT**

BY FAX

19 | TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND

20 | FOR THE COUNTY OF ALAMEDA AND TO PLAINTIFF AND HIS ATTORNEY OF

21 | RECORD:

22 |    PLEASE TAKE NOTICE that on January 9, 2008, Defendant Interstate Distributor Co.

23 | ("Defendant") filed a Notice of Removal of such action with the Clerk of the United States

24 | District Court for the Northern District of California (San Francisco Division). Defendant

25 | attaches hereto as Exhibit 1 a copy of said Notice of Removal and all other papers filed with the

26 | Clerk of the United States District Court for the Northern District of California. Defendant also

27 | attaches hereto as Exhibit 2 all papers presented by the Clerk of the United States District Court

28 | upon the filing of the Notice of Removal.

1    PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of

2  the Notice of Removal in the United States District Court, together with the filing of this Notice

3  with this Court, effects the removal of this action and, therefore, this Court may proceed no

4  further with this action unless and until the action is remanded.

5

6  DATED:  January 10, 2008.                    PERKINS COIE LLP

7

8                                         By: _____

9                                              David R. Ongaro

10                                        Attorneys for Defendant
                                          INTERSTATE DISTRIBUTOR CO.

   64579-0001/LEGAL13861849.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT
Case No. RG07358277

**EXHIBIT 1**

1    DAVID R. ONGARO, State Bar No. 154698
     DAVID R. BURTT, State Bar No. 201220
2    JONMI N. KOO, State Bar No. 233136
     PERKINS COIE LLP
3    Four Embarcadero Center, Suite 2400
     San Francisco, CA 94111-4131
4    Telephone: (415) 344-7000
     Facsimile: (415) 344-7050
5

6    Attorneys for Defendant
     INTERSTATE DISTRIBUTOR CO.
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11

12   MARTIN MARINE, on behalf of himself and      Case No.
     all others similarly situated,
13                                                 **NOTICE OF REMOVAL OF ACTION**
                                                   **UNDER 28 U.S.C. § 1441(b)**
14                  Plaintiffs,

15          v.

16   INTERSTATE DISTRIBUTOR CO., a
     Washington corporation doing business in
17   California; and DOES 1 through 100, inclusive,

18                  Defendants.

19

20   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21          PLEASE TAKE NOTICE that Defendant Interstate Distributor Co. ("Interstate" or

22   "Defendant"), by and through its undersigned counsel, hereby removes this action to the United

23   States District Court for the Northern District of California pursuant to 28 U.S.C. Section 1441.

24          On or about November 28, 2007, plaintiff Martin Marine ("Plaintiff") commenced an

25   action in the Superior Court of the State of California, County of Alameda, entitled Martin

26   Marine v. Interstate Distributor Co. and DOES 1 through 100, inclusive, Case No. RG 07-

27   358277 ("Complaint"). A copy of the Summons and Complaint are attached as Exhibit A.

28

---

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(b)
Case No.
64579-0001/LEGAL13862145.1

1    Plaintiff served Interstate with the Summons and Complaint, via substitute service, on December

2    10, 2007. Specifically, on December 10, 2007, Plaintiff's process server left a copy of the

3    Summons and Complaint with a receptionist at Interstate's office, and mailed the same via U.S.

4    Mail. A copy of the Notice of Service of Process is attached as Exhibit B. Accordingly, removal

5    is timely pursuant to 28 U.S.C. Section 1446(b).

6        1.    Jurisdiction. This action is a civil action of which the Court has original

7    jurisdiction under 28 U.S.C. Section 1332 (diversity jurisdiction), and is one which Interstate

8    may remove to this Court pursuant to the provisions of 28 U.S.C. Sections 1441 and 1446 in that

9    it is a civil action between citizens of different states, the matter in controversy exceeds the sum

10   of $75,000, exclusive of interests and costs, and Interstate is not a citizen of California.

11       2.    Diversity of Citizenship. Complete diversity of citizenship exists because of the

12   following:

13           (a)    Interstate is informed and believes, and on that basis alleges, that Plaintiff,

14   at the time he commenced this action, was, and still is, a citizen of the State of California.

15           (b)    Defendant Interstate Distributor Co., at the time Plaintiff commenced this

16   action, was, and still is, a corporation incorporated under the laws of Washington, with its

17   principal place of business located in Tacoma, Washington, and thus was and is a citizen of

18   Washington.

19           (c)    Interstate is informed and believes and on that basis alleges that none of

20   the "Doe" defendants have been served with the Summons and Complaint.

21       3.    Amount in Controversy. The damages sought by Plaintiff far exceed the

22   minimum jurisdictional amount of $75,000. Plaintiff alleges that Interstate engaged in willful

23   and repeated violations of the California Labor Code over a period of more than four years,

24   including violations of Labor Code section 226.7 (rest and rest period periods) and 226 (itemized

25   wage statements). For these alleged violations, Plaintiff demands "one hour of additional pay at

26   the employees' regular rate of pay for each work day the rest period is not provided" and another

27   "hour of additional pay at the employees' regular rate of pay for each work day the meal break is

28   not provided." *See* Complaint, ¶¶25, 30. Plaintiff also demands substantial penalties pursuant to

- 2 -

1   Labor Code section 1199 and reasonable attorneys' fees pursuant to Labor Code section 218.5.

2   *See id.*, ¶¶25, 30, 34.  Plaintiff also demands that Interstate disgorge a "significant sum of dollars"

3   unlawfully gained by its allegedly unfair and unlawful business practices.  *See id.*, ¶¶40, 42.

4       4.    <u>Intradistrict Assignment</u>.  Pursuant to 28 U.S.C. § 1441(a), assignment to the

5   United States District Court for the Northern District of California (San Francisco Division) is

6   proper because Plaintiff filed the action being removed in the Superior Court of California,

7   County of Alameda.

8       5.    <u>Attachment of Pleadings</u>.  Other than the Complaint, the rest of the documents

9   served on Defendant are attached hereto as Exhibit C.

10      6.    <u>Notice to State Court/Plaintiff</u>.  Pursuant to 28 U.S.C. § 1446(d), Interstate will

11  promptly serve on Plaintiff and file with the Superior Court a "Notice to Adverse Party of

12  Removal to Federal Court."  Pursuant to Federal Rule of Civil Procedure 5(d), Interstate will

13  also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to

14  Federal Court."

15      WHEREFORE, Interstate requests that this Court consider this Notice of Removal as

16  provided by law governing the removal of cases to this Court, that this Court take such steps as

17  are necessary to achieve the removal of this matter to this Court from the Alameda County

18  Superior Court, and that this Court will make such other orders as may be appropriate to effect

19  the preparation and filing of a true record in this cause of all proceedings that may have been had

20  in the state court action.

21

22  DATED:  January 9, 2008          **PERKINS COIE LLP**

23

24                           By:  *Jonmi Koo*
                                 Jonmi N. Koo

25                           Attorneys for Defendant
                             INTERSTATE DISTRIBUTOR CO.
26

27  64579-0001/LEGAL13862145.1

28

- 3 -

**EXHIBIT A**



# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT U~
*(SOLO PARA USO ~*

*6149420*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INTERSTATE DISTRIBUTOR CO., a Washington corporation doing business
in California; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARTIN MARINE, on behalf of himself and all others similarly situated

FILED ALAMEDA COUNTY

NOV 28 2007

CLERK OF SUPERIOR COURT

BY *Alphonsine Oates*
                    DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a
copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the
court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more
information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse
nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may
lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an
attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services
program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California
Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito
en esta corte y hacer que se entregue una copia al demandante. Una Carta o una llamada telefónica no lo protegen. Su respuesta por
escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted
pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de
California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la Corte que le quede más cerca. Si no
puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta
su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un
servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios
legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de
California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,
(www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>California Superior Court - County of Alameda - Rene C. Davidson Courthouse<br>1225 Fallon Street<br>Oakland, California 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>**RG07353277** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Marc G. Kroop                                          San Diego, California 92121
ADVANTAGE LAW GROUP, APC                  (858)793-8565
5820 Oberlin Drive, Suite 110

| DATE:<br>*(Fecha)*<br>NOV 2 8 2007 **PAT S. SWEETEN** | Clerk, by<br>*(Secretario)* | *Alphonsine Oates* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010))*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ]  as an individual defendant.
2. [ ]  as the person sued under the fictitious name of *(specify):*

3. [ ]  on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ]  by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

American LegalNet, Inc.  www.USCourtForms.com

1   Patrick J.S. Nellies (SBN 171254)
    Marc G. Kroop (SBN 168600)
2   Anthony Ruggieri (SBN 195202)
    John R. Goffar (SBN 184988)
3   **ADVANTAGE LAW GROUP, APC**
    5820 Oberlin Drive, Suite 110
4   San Diego, California 92121
    Telephone: (858) 793-8565
5   Facsimile: (858) 793-8569

6   Patrick N. Keegan, Esq. (167698)
    Brent Jex, Esq. (235261)
7   **KEEGAN & BAKER, LLP**
    4370 La Jolla Village Drive, Suite 640
8   San Diego, California 92122
    TEL:  (858) 552-6750
9   FAX:  (858) 552-6749

10   Attorneys for Plaintiff and the Class

11         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12              **FOR THE COUNTY OF ALAMEDA**

FILED ALAMEDA COUNTY

NOV 28 2007

CLERK OF SUPERIOR COURT
BY _____
DEPUTY

| | |
|---|---|
| 13 MARTIN MARINE, on behalf of himself and all others similarly situated, | CASE NO.: RG0 7358 277 |
| 14 | |
| 15                Plaintiffs, | **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| 16 vs. | |
| 17 INTERSTATE DISTRIBUTOR CO., a Washington corporation doing business in California; and DOES 1 through 100, inclusive, | 1)    **Failure to Provide Rest Periods;** |
| 18 | 2)    **Failure to Allow Meal Periods;** |
| 19 | 3)    **Failure to Provide Properly Itemized Wage Statements in Violation of the California Labor Code** |
| 20               Defendants. | 4)    **Unlawful and Unfair Business Acts and Practices in Violation of California Business & Professions Code §17200,** *et seq* |
| 21 | |
| 22 | **JURY TRIAL DEMANDED** |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

-1-

1        Plaintiff MARTIN MARINE (hereinafter referred to as "Plaintiff") by his attorneys,

2  individually and on behalf of all others similarly situated, alleges as follows:

3                         **NATURE OF ACTION**

4       1.     This is a class action for economic damages on behalf of all persons employed in the

5  position of "Company Driver" by Defendant INTERSTATE DISTRIBUTOR CO. (hereinafter

6  referred to as "INTERSTATE) in the State of California over the past four (4) years. Plaintiff alleges

7  that INTERSTATE failed to comply with California laws by regularly denying its Company Drivers

8  with regular meals and rest periods in which Company Drivers were relieved of all duties and

9  appropriate rest periods in violation Industrial Welfare Commission ("IWC") Wage Order 9-2001,

10  Section 512 of the California Labor Code and 8 California Code of Regulations § 11090.

11                  **JURISDICTION AND VENUE**

12      2.     This Court has jurisdiction over this action pursuant to Section 410.10 of the

13  California Code of Civil Procedure, as INTERSTATE does business in the State of California and

14  has employed Plaintiff and each member of the putative class in the State of California.

15      3.     Venue is properly in this Court because INTERSTATE conducts business in Union

16  City, California within the judicial district of the County of Alameda, and the named Plaintiff

17  performed work and suffered damages at INTERSTATE's place of business located in Union City,

18  California within the judicial district of the County of Alameda, which forms the basis of his claim.

19  Moreover, by doing business in the judicial district of the County of Alameda, INTERSTATE is

20  alleged to have committed violations of the California Labor Code and the California Business and

21  Professions Code in this judicial district, which have had an adverse effect upon the finances of

22  residents of the County of Alameda.

23                           **PARTIES**

24      4.     Defendant INTERSTATE is registered in the State of California as a corporation.

25  On its Internet website, INTERSTATE represents that is a leader in the transportation industry, with

26  terminal and yard facilities located in Fontana, Orland, Union City, and West Sacramento,

27  California. At all relevant times hereto, Defendant INTERSTATE has done business in California

28  and within this judicial district, and at all relevant times employed Plaintiff, controlling the

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   employment and the method of the payment of wages to Plaintiff and each member of the putative

2   class in the State of California.

3      5.  Plaintiff MARTIN MARINE is an adult resident of Orange County, California.

4   During the Class period stated herein, Plaintiff was employed as a "Company Driver" for Defendant

5   INTERSTATE.

6      6.  Plaintiff is informed and believes, and based thereon alleges, that at all relevant times,

7   INTERSTATE and DOES 1-100, inclusive, were agents, franchisers, franchisees, employees,

8   representatives, owners, partners, shareholders, and related or affiliated entities or providers of

9   services to or on behalf of INTERSTATE, and in doing the things hereinafter mentioned, were acting

10   in the course and scope of their agency, employment, or retention with the permission, consent,

11   authority and ratification of INTERSTATE. Plaintiff is presently unaware of the true names and

12   identities of those defendants fictitiously sued herein as DOES 1-100. Any reference made to a

13   named defendant by specific name or otherwise, individually or plural, is also a reference to the

14   actions or inactions of DOES 1-100, inclusive.

15      7.  Plaintiff is informed and believes, and based thereon alleges, that the this Court has

16   both subject matter and personal jurisdiction over DOES 1-100, inclusive, and that venue is proper

17   in this Court with respect to those defendants.

18   **CLASS ACTION ALLEGATIONS**

19      8.  Plaintiff brings this action on his own behalf and on behalf of all other persons

20   similarly situated. Without prejudice to later revision, the class which Plaintiff seeks to represent

21   is composed of all persons employed by Defendant INTERSTATE DISTRIBUTOR CO. in the

22   position of Company Driver in the State of California (the "Class") during the period commencing

23   from November 21, 2003 up until the date of trial (the "Class Period").

24      9.  This action is properly maintainable as a class action. The Class is sufficiently

25   numerous, composed of all persons who were employed by INTERSTATE in the position of

26   Company Driver in the State of California, the joinder of whom is impracticable. The disposition

27   of their claims in a class action will benefit both the parties and the Court.

28      10.  A well-defined community of interest in the questions of law and fact involving and

-3-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  affecting all members of the Class exists and common questions of law and fact predominate over

2  questions which may affect only individual Class members. The common questions include, *inter*

3  *alia*, the following:

    1.    Whether INTERSTATE failed to provide appropriate meal periods in which Company Drivers were relieved of all duties;

    2.    Whether INTERSTATE failed to allow for regular rest periods for its Company Drivers;

    3.    Whether INTERSTATE's conduct violates the California Labor Code requirement to provide itemized wage statements;

    4.    Whether INTERSTATE's conduct is unlawful and/or unfair constituting violations of Section 17200, *et seq*. of the California Business and Professions Code;

    11.    Plaintiff's and the Class' claims for restitution and damages arise from and were caused by INTERSTATE's illegal failure to provide appropriate meal and rest periods and proper itemized wage statements. Since Plaintiff's claims and the claims of the Class members all derive from a common nucleus of operative facts, Plaintiff is asserting claims that are typical of the claims of the entire Class.

    12.    Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has no interests which are contrary to or in conflict with those of the Class he seeks to represent. Plaintiff has retained competent counsel experienced in class action litigation and employment law to further ensure such protection and intend to prosecute this action vigorously.

    13.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the party opposing the Class and would lead to repetitious trials of the numerous common questions of fact and law. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is far superior to other available methods for the fair and efficient adjudication of this controversy.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    14.    Proper and sufficient notice of this action may be provided to the Class members

2  through notice by such means as direct mail, electronic mail, publication on the internet, and/or

3  television, radio, and/or print media outlets.  Specifically, INTERSTATE represents on its Internet

4  website that "Interstate Distributor Co. provides online employment verifications of **former**

5  **company drivers and owner operators.** " (Emphasis in the original.)

6    15.    Plaintiff and the Class have suffered irreparable harm and damages as a result of

7  INTERSTATE's wrongful conduct as alleged herein.  Absent a representative action, Plaintiff and

8  the Class will continue to suffer losses, thereby allowing these violations of law to proceed without

9  remedy, and allowing INTERSTATE to retain the proceeds of its ill-gotten gains.

10                          **FACTUAL ALLEGATIONS**

11    16.    INTERSTATE provides trucking services and has operated in California availing

12  itself of the rights and benefits of California's laws since approximately 1973.  INTERSTATE is

13  required to complies with California labor laws that entitle employees, including Company Drivers,

14  who work more than five (5) hours in a day to a meal period of at least thirty (30) minutes, and a

15  second meal period of at least thirty (30) minutes if they work more than ten (10) hours in a day.

16  Labor Code §§ 226.7, 512 and Wage Order No. 4-2000 ¶11(B).  INTERSTATE's obligation to

17  provide the plaintiffs with an adequate meal period is not satisfied by assuming that the meal periods

18  were taken, because employers have "an affirmative obligation to ensure that workers are actually

19  relieved of all duty." (Dept. of Industrial Relations, DLSE, Opinion Letter No. 2002.01.28 (Jan. 28,

20  2002) p. 1.) INTERSTATE also has a duty, under IWC wage order No. 9-2001, section 7, to record

21  their employees' meal periods. Moreover, INTERSTATE has an affirmative obligation to ensure that

22  its employees are actually relieved of all duties when they take meal and rest period breaks.

23    17.    On its Internet website, INTERSTATE claims to "recognize and understand what a

24  challenging job [Company Drivers] have. You spend a lot of time away from home, live in a space

25  smaller than a walk-in closet, and you can't always be home for special events. You get very few

26  home cooked meals, come in contact with people who sometimes fail to treat you with respect, and

27  work often when the rest of us are sleeping. You deliver your freight on time every time, despite rain,

28  sleet, or snow. And, you must safely share the road with motorists who often do not know how to

-5-

1    share it safely with you. You must have people skills to communicate effectively with shippers,

2    receivers, fuel attendants, and customers."

3        18.    On its Internet website, INTERSTATE represents that "State-of-the-art two-way

4    satellite communications [are] Placed on all vehicles" which allow for "On-time performance

5    reporting and monitoring", and that "Our [Company trucks] are equipped with state-of-the art mobile

6    satellite communications using DriverTech and Qualcomm systems. These systems provide instant

7    communication between you and the office."

8        19.    Plaintiff is employed as a Company Driver for INTERSTATE and has been so

9    employed since July 17, 2006. Plaintiff's duties primarily consist of driving/operating a truck owned

10   by INTERSTATE within the state of California. The trucks assigned and operated by Plaintiff and

11   the Class are equipped with state-of-the art mobile satellite communications that provide instant

12   communication between INTERSTATE and Plaintiff and the Class as well as on-time performance

13   reporting and monitoring.

14       20.    Throughout the course of his employment with INTERSTATE Plaintiff has been

15   employed as a Company Driver.  His primary job duties include, driving, filling out required

16   paperwork, re-fueling the vehicle and other related duties of a Company Driver.

17       21.    Throughout the Class period, INTERSTATE encouraged, expected, permitted and

18   mandated  Plaintiff and the Class to work without providing regular meals and rest periods and in

19   fact prevented Plaintiff and the Class from having appropriate meals and rest periods by its policies

20   and procedures. This occurred despite the fact that Plaintiff's vehicle and the vehicles operated by

21   the Class Members have a tracking system which tracks the progress of the vehicles. However, the

22   system does not track meals and/or rest periods. That issue along with the scheduling of deliveries

23   back to back has made Plaintiff and Class Members unable to take appropriate meals and rest

24   periods.  INTERSTATE as a policy automatically deducts for meal periods regardless of whether

25   Company Drivers actually take meal periods. Company Drivers do not certify that they actually have

26   received a meal period even though the time is automatically deducted from their paychecks.

27   Plaintiff alleges that INTERSTATE knows that this causes numerous violations of the Labor Code

28   but despite that knowledge has taken no action to correct its internal tracking due to the great

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   financial benefits it receives by not providing appropriate meals and rest periods.

2   **FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THOSE SIMILARLY**
    **SITUATED AGAINST ALL DEFENDANTS**
3   **(Violation of California Labor Code § 226.7 - Failure to Provide Rest Periods)**

4   22.    Plaintiff and the Class hereby incorporate by this reference each and every preceding

5   paragraph of this complaint as if fully set forth herein.

6   23.    At all times herein mentioned, Plaintiff and the Class were Company Drivers subject

7   to the "rest period" provisions of the Labor Code, Wage Orders, and Code of Regulations. No valid

8   legal or applicable exception to the rest period requirement existed to allow INTERSTATE to avoid

9   providing Plaintiff and the Class with regular rest period(s) as required by the Labor Code, wage

10  orders and/or regulations.

11  24.    From at least November 21, 2003 , INTERSTATE failed, prevented and refused to

12  permit Plaintiff and the Class to take rest periods during every four-hour period worked. According

13  to the IWC, Wage Order No. 9-2001 provides: "Every employer shall authorize and permit all

14  employees to take rest periods, which insofar as practicable shall be in the middle of each work

15  period The authorized rest period time shall be based on the total hours worked daily at the rate of

16  ten (10) minutes net rest time per four (4) hours of major fraction thereof. However a rest period

17  need not be authorized for employees whose total daily work time is less than three and one-half (3

18  ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no

19  deduction from wages." (Cal. Code Regs., tit. 8 section 11090, subd. (12)(A). If an employer fails

20  to provide an employee a rest period in accordance with the applicable provisions of this order, the

21  employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation.

22  25.    Plaintiff and the Class request relief pursuant to California Labor Code § 226.7(b)

23  which provides for one hour of additional pay at the employees' regular rate of pay for each work

24  day the rest period is not provided. Plaintiff and the Class demand one hour's compensation due

25  under the Labor Code all for their lost meal breaks. Plaintiff and the class demand penalties pursuant

26  to California Labor Code  § 1199. Further, Plaintiff and the Class  demand  reasonable attorney's

27  fees and costs of suit, pursuant to California Labor Code §218.5.

28

-7-

## SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THOSE SIMILARLY SITUATED AGAINST ALL DEFENDANTS
**(Violation of California Labor Code § 226.7 - Failure to Allow Meal Periods)**

26.     Plaintiff and the Class hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

27.     At all times herein mentioned, Plaintiff and the Class were subject to the "meal period" provisions of the Labor Code, Wage Orders, and Code of Regulations.  No valid legal or applicable exception to the meal requirement existed to allow INTERSTATE to avoid providing Plaintiff and the Class with regular meal breaks as required by the Labor Code.

28.     Under California law, meal periods must be recorded unless all operations cease during the scheduled meal periods.  Defendant INTERSTATE did not schedule meal periods for Plaintiff and the Class and did not arrange for Plaintiff and the Class to relieved of duties during scheduled meal periods.  Plaintiff and the Class are not only entitled to compensation for the lost meal periods, but to the extent that INTERSTATE claims that meal periods were taken which are not documented, Plaintiff and the Class also seek all applicable penalties for INTERSTATE's failure to keep accurate time records.

29.     From at least November 21, 2003 to the present, INTERSTATE failed to allow Plaintiff and the Class to take thirty (30) minute meal periods for every five (5) hours worked.  INTERSTATE denied them such meal periods and INTERSTATE's agents and management was well aware that meal periods were being denied to its employees.  Plaintiff and the Class regularly work and have worked in excess of five (5) and ten (10) hours a day without being afforded at least 30-minute meal periods in which they were relieved of all duties as required by Labor Code §§ 226.7, 512 and IWC Wage Order No. 9-2001.

30.     Plaintiff and the Class request relief pursuant to California Labor Code § 226.7(b) which provides for one hour of additional pay at the employees' regular rate of pay for each work day the meal break is not provided.  Plaintiff and the Class demand one hour's compensation due under the Labor Code all for their lost meal breaks.    Plaintiff and the class demand penalties

-8-

1   pursuant to California Labor Code  § 1199. Further, Plaintiff and the Class demand reasonable

2   attorney's fees and costs of suit, pursuant to California Labor Code §218.5.

3   <u>**THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THOSE SIMILARLY**</u>

4   <u>**SITUATED AGAINST ALL DEFENDANTS**</u>

    **(Failure to Provide Properly Itemized Wage Statements in Violation of the California**

5   **Labor Code)**

6           31.     Plaintiff and the Class hereby incorporate by reference and re-alleges each and every

7   preceding paragraph of this complaint as if set forth fully herein.

8           32.     Pursuant to California Labor Code §§ 226, among other authority, an employer is

9   required to furnish each of its, his or her employees, either as a detachable part of the check, draft,

10  or voucher paying the employee's wages, or separately when wages are paid by personal check or

11  cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

12  worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if

13  the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on

14  written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6)

15  the inclusive dates of the period for which the employee is paid, (7) the name of the employee and

16  his or her social security number, (8) the name and address of the legal entity that is the employer,

17  and (9) all applicable hourly rates in effect during the pay period and the corresponding number of

18  hours worked at each hourly rate by the employee.

19          33.     In violation of said sections of the Labor Code, INTERSTATE has failed to provide

20  properly itemized wage statements to Plaintiff and the Class.

21          34.     As a result of such violations, Plaintiff and the Class request the maximum amount

22  of penalties and other relief allowed by law.

23  <u>**FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THOSE**</u>

24  <u>**SIMILARLY SITUATED AGAINST ALL DEFENDANTS**</u>

25  **(Unlawful and Unfair Business Acts and Practices in**

    **Violation of California Business & Professions Code §17200, *et seq.*)**

26

27          35.     Plaintiff and the Class hereby incorporate by this reference each and every preceding

28  paragraph of this complaint as if fully set forth herein.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

36.    The acts, omissions, and practices of INTERSTATE as alleged herein constitutes unlawful and unfair business acts and practices within the meaning of Section 17200, *et seq.* of the California Business & Professions Code.

37.    INTERSTATE has engaged in "unlawful" business acts and practices by INTERSTATE's failure to provide appropriate meal and rest periods and itemized wage statements.

38.    Plaintiff and the Class reserve the right to allege other violations of law which constitute unlawful acts or practices.

39.    INTERSTATE has also engaged in "unfair" business acts or practices in that the harm caused by INTERSTATE's conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Plaintiff and the Class, and provides INTERSTATE with an unfair competitive advantage over those employers that abide by the law, properly provide meals, rest periods and itemized wage statements in accordance with the law.

40.    As a result of the conduct described above, INTERSTATE has been and will be unjustly enriched at the expense of Plaintiff and the Class. Specifically, INTERSTATE has been unjustly enriched by the retention of a significant sum of dollars in wages earned and wrongfully withheld from Plaintiff and the Class.

41.    The aforementioned unlawful or unfair business acts or practices conducted by INTERSTATE has been committed in the past and continues to this day. INTERSTATE has failed to acknowledge the wrongful nature of its actions. INTERSTATE has not corrected or publicly issued individual and comprehensive corrective notices to Plaintiff and the Class or provided full restitution and disgorgement of all ill-gotten monies either acquired or retained by INTERSTATE as a result thereof, thereby depriving Plaintiff and the Class the minimum working conditions and standards due them under California Labor Laws and Industrial Welfare Commission Wage Orders.

42.    Pursuant to Section 17203 of the California Business & Professions Code, Plaintiff and the Class seek an order of this Court requiring INTERSTATE to disgorge all ill-gotten gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by INTERSTATE

1  by means of such "unlawful" and "unfair" conduct, plus interest, so as to restore any and all monies

2  to Plaintiff and the Class and the general public which were acquired and obtained by means of such

3  "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by INTERSTATE.

4  Plaintiff and the Class additionally request that such funds be impounded by the Court or that an

5  asset freeze or constructive trust be imposed upon such revenues and profits to avoid dissipation

6  and/or fraudulent transfers or concealment of such monies by INTERSTATE. Plaintiff and the Class

7  may be irreparably harmed and/or denied an effective and complete remedy if such an order is not

8  granted.

9      43.    Pursuant to the Section 17203 of the California Business & Professions Code,

10  Plaintiff and the Class seek an order of this Court for equitable and/or injunctive relief in the form

11  of requiring INTERSTATE provide appropriate meal and rest periods and keep accurate records of

12  time worked, and to insure the payment of earned overtime wages henceforth.

13                                        **PRAYER**

14

15      WHEREFORE, Plaintiff request of this Court the following relief, on behalf of themselves

16  and all others similarly situated:

17      1.    That this action be certified as a class action on behalf of the proposed plaintiff Class

18  and Plaintiff be appointed as the representative of the Class;

19      2.    Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten

20  gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by

21  Defendant by means of such "unfair" and "unlawful" conduct, plus interest;

22

23      3.    Injunctive relief in the form of an order requiring INTERSTATE to provide Plaintiff

24  and members of the Class with appropriate meal and rest periods and to keep accurate records of

    time worked;

25

26      4.    Prejudgment and post judgment interest as provided by statute;

27      5.    All Pay owed pursuant to California Labor Code section 226.7(b) and Wage Order

28          9-2001;

-11-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

## DEMAND FOR JURY TRIAL

2

3       Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with

4   respect to which they have a right to jury trial.

5

6   Dated: November 20, 2007              ADVANTAGE LAW GROUP, A.P.C.

7

8

9                                        By: _____
                                            Marc G. Kroop,
10                                          Attorneys for Plaintiff
                                            and the Class
11

12

13  Dated: November 20, 2007              KEEGAN & BAKER, LLP

14

15

16                                       By: _____
                                            Patrick N. Keegan, Esq.
17                                          Attorneys for Plaintiff
                                            and the Class
18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**EXHIBIT B**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*
Patrick J.S. Nellies, SBN 171254
ADVANTAGE LAW GROUP, APC
5820 Oberlin Drive
Suite 110
San Diego, CA 92121
  TELEPHONE NO.:        (858) 793-8565      FAX NO.: (Optional)  (858) 793-8569
E-MAIL ADRESS *(Optional):*
ATTORNEY FOR (Name):  Martin Marine, etc.

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS:      1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:      Oakland, CA 94612
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER:          Martin Marine, etc. | CASE NUMBER: |
| DEFENDANT/RESPONDENT:          Interstate Distributor Co., etc. | RG07358277 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):*          CIVIL CASE COVER SHEET ADDENDUM; NOTICE OF HEARING

3. a. Party served *(specify name of party as shown on documents served):*          Interstate Distributor Co., a Washington
                                                                                      corporation doing business in California
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
          item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
             Kim Namhie, Authorized Agent
4. Address where the party was served:          11128 Hamlock Avenue, Fontana, CA 92337

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
          receive service of process for the party (1) on *(date):*                    (2) at *(time):*
   b. [X] **by substituted service.** On *(date):*      December 10, 2007 at *(time):*      1:00 p.m.  I left the documents listed in item 2
          with or in the presence of *(name and title or relationship to person indicated in item 3b;*
             Kristen Jolley, Receptionist authorized to accept on behalf of Kim Namhie, Authorized Agent
      (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person
              to be served.  I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode
              of the party.  I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of
              the person to be served, other than a United States Postal Service post office box.  I informed him or her of the
              general nature of the papers.

      (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place
              where the copies were left (Code Civ. Proc., Section 415.20).  I mailed the documents on
              *(date):*            from *(city):*            or [X] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | |
|---|---|
| | Page 1 of 2 |
| Form Adopted for Mandatory Use | |
| Judicial Council of California POS-010 | Code of Civil Procedure, Section 417.10 |
| [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** |

DEFENDANT/RESPONDENT: Interstate Distributor Co., etc.

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.

    (1) on *(date)*:                   (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) Code Civ. Proc., Section 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., Section 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of (specify):
   c. ☐ as occupant
   d. ☒ on behalf of (specify):   Interstate Distributor Co., a Washington corporation doing business in California
       under: ☒ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
            ☐ 416.20 (defunct corporation)             ☐ 416.60 (minor)
            ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
            ☐ 416.40 (association or partnership)       ☐ 416.90 (authorized person)
            ☐ 416.50 (public entity)               ☐ 415.46 (occupant)
                                                 ☐ other:

7. **Person who served papers**
   a. Name:          CalExpress
   b. Address:        917 West Grape Street,  San Diego, CA 92101
   c. Telephone number:      (619) 685-1122
   d. **The fee** for service was:$   83.25
   e. I am:
       (1) ☐ not a registered California process server.
       (2) ☒ exempt from registration under B&P section 22350(b)
       (3) ☐ a registered California process server.
           (i) ☐ owner ☐ employee ☐ independent contractor.
           (ii) Registration No.:
           (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date:    December 10, 2007

BASHIEFF JONES
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

                                                          (SIGNATURE)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
Patrick J.S. Nellies, SBN 171254
ADVANTAGE LAW GROUP, APC
5820 Oberlin Drive
Suite 110
San Diego, CA 92121
    TELEPHONE NO.:    (858) 793-8565    FAX NO.: (Optional)  (858) 793-8569
E-MAIL ADRESS (Optional):
ATTORNEY FOR (Name): Martin Marine, etc.

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS:    1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:    Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER:    Martin Marine, etc.
DEFENDANT/RESPONDENT:    Interstate Distributor Co., etc.

CASE NUMBER:
    RG07358277
Ref. No. or File No.:

PROOF OF SERVICE BY MAIL

I, the undersigned, certify and declare as follows:

I am over the age of 18 years, and not a party to this action.  My business address is 917 West Grape Street, San Diego, CA 92101, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and process is deposited with the United States Postal Service that same day in the ordinary course of business.

On December 10, 2007  at my place of business at San Diego, California, copy of the:

SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; NOTICE OF HEARING

were placed for deposit in the United States Postal service in a sealed envelope with postage prepaid, addressed to:

        INTERSTATE DISTRIBUTOR CO.
        11128 HAMLOCK AVENUE
        FONTANA, CA  92337

and that envelope was placed for collection and mailing (by first-class, postage prepaid) on that date following ordinary business practice.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed    December 10, 2007 at San Diego, California.

_ARIEL PANTANELLA_

SUPCT CIV-9A(Rev. 10-95)
Rule 982.9(a)(23)

PROOF OF SERVICE BY MAIL

**EXHIBIT C**

*6149408*

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
Marc G. Kroop (168600)
ADVANTAGE LAW GROUP, APC
5820 Oberlin Drive, Suite 110
San Diego, California 92121
TELEPHONE NO.: (858) 793-8565    FAX NO.: (858) 793-8569
ATTORNEY FOR (Name): Martin Marine and the Class

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Martin Marine v. Interstate Distributor Co.

FOR CO...

FILED ALAMEDA COUNTY

NOV 28 2007

CLERK OF SUPERIOR COURT
BY _____ DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG07358277<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (*not specified above*) (43)

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (*specify*): Four (4)
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: November 27, 2007

(TYPE OR PRINT NAME)    ►    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.

F. ADDENDUM TO CIVIL CASE COVER SHEET    *Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Marine v. Interstate Distributor Co. | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | |
|---|---|
| [X] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447)<br>[ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | Alameda County Case Type (check only one) |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 | Auto tort (G) |
| | | | Is this an uninsured motorist case?  [ ] yes  [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 | Asbestos (D) |
| | Product liability (24) | [ ] 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 | Other PI/PD/WD tort (G) |
| Non - PI/PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 | Civil rights (G) |
| | Defamation (13) | [ ] 84 | Defamation (G) |
| | Fraud (16) | [ ] 24 | Fraud (G) |
| | Intellectual property (19) | [ ] 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 | Wrongful termination (G) |
| | Other employment (15) | [X] 85 | Other employment (G) |
| | | [ ] 53 | Labor comm award confirmation |
| | | [ ] 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 | Collections (G) |
| | Insurance coverage (18) | [ ] 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 | Unlawful Detainer - commercial   Is the deft. in possession |
| | Residential (32) | [ ] 47 | Unlawful Detainer - residential   of the property? |
| | Drugs (38) | [ ] 21 | Unlawful detainer - drugs   [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 | Writ of mandate |
| | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 | Enforcement of judgment |
| | | [ ] 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 | Change of name |
| | | [ ] 69 | Other petition |

```
┌  Advantage Law Group, APC          ┐        ┌  INterstate Distributor Co.              ┐
   Attn:  Kroop, Marc G.
   5820 Oberlin Drive
   Suite 110
└  San Diego, CA   92121             ┘        └                                          ┘
```

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Marine | No. <u>RG07358277</u> |
| Plaintiff/Petitioner(s) | |
| VS. | |
| INterstate Distributor Co. | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 01/30/2008    TIME: 02:00 PM    DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Case Management Conference:
DATE: 03/05/2008    TIME: 02:00 PM    DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6936.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 267-6936.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  11/29/2007                                    Executive Officer / Clerk of the Superior Court

                                    By

                                                                    Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 11/29/2007.

                                    By

                                                                    Deputy Clerk

1   DAVID R. ONGARO, State Bar No. 154698
    DAVID R. BURTT, State Bar No. 201220
2   JONMI N. KOO, State Bar No. 233136
    PERKINS COIE LLP
3   Four Embarcadero Center, Suite 2400
    San Francisco, CA  94111-4131
4   Telephone:  (415) 344-7000
    Facsimile:  (415) 344-7050

5

6   Attorneys for Defendant
    INTERSTATE DISTRIBUTOR CO.

7

8               UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12   MARTIN MARINE, on behalf of himself and all   Case No.
    others similarly situated,
13

                         **CERTIFICATION OF INTERESTED**
14                Plaintiff,      **ENTITIES OR PERSONS**

15                v.            (N.D. Cal. Local Rule 3-16)

16   INTERSTATE DISTRIBUTOR CO., a

17   Washington corporation doing business in
    California; and DOES 1 to 50, inclusive,
18
              Defendant.
19

20   TO THE COURT AND ALL PARTIES APPEARING OF RECORD:

21         Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

22   named parties, there is no such interest to report.

23   DATED:  January 9, 2008         **PERKINS COIE LLP**

24

25                    By: _____

26                       Jonmi N. Koo

27                Attorneys for Defendant
               INTERSTATE DISTRIBUTOR CO.
28   64579-0001/LEGAL13856772.1

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Martin Marine on behalf of himself and all others similarly situated

### DEFENDANTS
Interstate Distributor Co., a Washington corporation doing business in California

**(b)** County of Residence of First Listed Plaintiff  Orange County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Tacoma, WA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Martin G. Kroop, (168600), Advantage Law Group, APC, 5820 Oberlin Dr., Ste. 110, San Diego, CA 92121 (858) 793-8565

Attorneys (If Known)
David R. Ongaro (154698), Perkins Coie LLP, 4 Embarcadero Ctr., Ste. 2400, San Francisco, CA 94111 (415) 344-7000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☒ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1441(b)
Brief description of cause:
Failure to provide rest periods, meal periods, wage statements; unfair competition

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ All pay owed and injunctive relief

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  01/09/2008

SIGNATURE OF ATTORNEY OF RECORD  *Jennie Lee*

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**EXHIBIT 2**

C 08    C-52

CW

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ **1)** Serve <u>this</u> ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also:</u>

☐ **2)** **Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☐ **3)** **Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MARTIN MARINE,

Plaintiff (s),

v.

INTERSTATE DISTRIBUTOR,
Defendant(s).

No. **C 08-00152 CW**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Claudia Wilken.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order   and all other documents specified in Civil Local Rule 4-2.  Counsel
must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited
number of printed copies are available from the Clerk's Office for parties in cases not subject to the
court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 1/9/2008 | Notice of removal filed | |
| 3/25/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP  26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil  L.R. 16-8 |
| 4/8/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at  http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil  L.R . 16-9 |
| 4/15/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Courtroom 2, Oakland at 2:00 PM | Civil  L.R.  16-10 |

*  If the Initial Case Management Conference is continued, the other deadlines are continued
accordingly.

<u>NOTICE</u>

**Case Management Conferences and Pretrial Conferences** are conducted on **Tuesdays** at 2:00 p.m.  **Criminal Law and Motion** calendar is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and 2:30 p.m. for defendants not in custody.  **Civil Law and Motion** calendar is conducted on **Thursdays** at 2:00 p.m. Order of call is determined by the Court.  Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

Motions for Summary Judgment:  All issues shall be contained within one motion of 25 pages or less, made on 35 days notice. (<u>See</u> Civil L.R. 7-2).  Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court.  (<u>See</u> Civil Local Rule 56-2(a)).  The motion and opposition should include a statement of facts supported by citations to the declarations filed with respect to the motion.  Evidentiary and procedural objections shall be contained within the motion, opposition or reply; separate motions to strike will not be considered by the Court. Any cross-motion shall be contained within the opposition to any motion for summary judgment, shall contain 25 pages or less, and shall be filed 21 days before the hearing.  The reply to a motion may contain up to 15 pages, shall include the opposition to any cross-motion, and shall be filed 14 days before the hearing.  (<u>See</u> Civil Local Rule 7-3).  The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a reply to any cross-motion.

All discovery motions are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar. All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.

Pursuant to General Order 45,§ VI.G, "In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers **no later than noon on the business day following the day that the papers are filed electronically,** one paper copy of each document that is filed electronically."

(rev. 10/10/07)

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      <u>Jurisdiction and Service</u>:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.      <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.      <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10.     <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

1

## PROOF OF SERVICE BY MAIL

2      I am a citizen of the United States and employed in San Francisco County, California.  I

3  am over the age of eighteen years and not a party to the within-entitled action.  My business

4  address is Four Embarcadero Center, Suite 2400, San Francisco, California  94111-4131.  I am

5  readily familiar with this firm's practice for collection and processing of correspondence for

6  mailing with the United States Postal Service.  On January 10, 2008, I placed with this firm at the

7  above address for deposit with the United States Postal Service a true and correct copy of the

8  within document(s):

9        ## NOTICE TO ADVERSE PARTY OF REMOVAL TO
                      FEDERAL COURT
10

11  in a sealed envelope, postage fully paid, addressed as follows:

12      Patrick J. S. Nellies, Esq.              Patrick N. Keegan, Esq.
        Marc G. Kroop, Esq.                      Brent Jex, Esq.
13      Anthony Ruggieri, Esq.                   KEEGAN & BAKER, LLP
        John R. Goffar, Esq.                     4370 La Jolla Village Dr., Suite 640
14      ADVANTAGE LAW GROUP, APC                 San Diego, CA  92122
        5820 Oberlin Dr., Suite110
15      San Diego, CA  92121

16      Clerk of the Court
        Alameda County Superior Court
17      1225 Fallon Street
        Oakland, CA  94612
18

19
20      Following ordinary business practices, the envelope was sealed and placed for collection

21  and mailing on this date, and would, in the ordinary course of business, be deposited with the

22  United States Postal Service on this date.

23      I declare that I am employed in the office of a member of the bar of this court at whose

24  direction the service was made.

25      Executed on January 10, 2008, at San Francisco, California.

26

27                                                    _Sheila M. Merrill_
                                                      Sheila M. Merrill
28