DAVID R. ONGARO, State Bar No. 154698
DAVID R. BURTT, State Bar No. 201220
JONMI N. KOO, State Bar No. 233136
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Attorneys for Defendant
INTERSTATE DISTRIBUTOR CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTIN MARINE, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

INTERSTATE DISTRIBUTOR CO., a Washington corporation doing business in California; and DOES 1 through 100, inclusive,

Defendants.

Case No. C 08-00152 CW

**ANSWER TO COMPLAINT**

Defendant INTERSTATE DISTRIBUTOR CO. ("Defendant"), by and through its undersigned counsel, hereby files its Answer to Plaintiff's Class Action Complaint for Damages and Injunctive Relief as follows:

**NATURE OF ACTION**

1. Defendant can not admit or deny the introductory statements contained in paragraph 1 since they do not contain any factual allegations.

**JURISDICTION AND VENUE**

2. Defendant admits that it does business in the State of California and that it employs and/or employed Plaintiff and each member of the putative class in the State of California. Defendant further admits that this Court has original jurisdiction over this matter under 28 U.S.C.

Sections 1332, 1441, and 1446. Except as expressly admitted above, Defendant denies the remaining allegations of paragraph 2.

3. Defendant admits that it conducts business in Union City, California. Except as expressly admitted above, Defendant denies the remaining allegations of paragraph 3.

## PARTIES

4. Defendant admits that it is registered as a corporation in the State of California, and that on its website it represents that it is a leader in the transportation industry with maintenance and/or yard locations in Fontana, Orland, Union City, and West Sacramento. Defendant further admits that at all relevant times, it has done business in California and within this judicial district, and that it employs Plaintiff in the State of California. Except as expressly admitted above, Defendant denies the remaining allegations of paragraph 4.

5. Defendant admits that it has employed Plaintiff as a Company Driver from July 17, 2006 through the present. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 5, and on that basis denies those allegations.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and on that basis denies those allegations.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies those allegations.

## CLASS ACTION ALLEGATIONS

8. Defendant can not admit or deny the statements contained in paragraph 8 since they do not contain any factual allegations.

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and on that basis denies those allegations.

1   13.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 13, and on that basis denies those allegations. Defendant denies the remaining allegations of paragraph 13.

14.   Defendant admits that it represents on its website that "Interstate Distributor Co. provides online employment verifications of **former** company drivers and owner operators." Except as expressly admitted above, Defendant denies the remaining allegations of paragraph 14.

15.   Defendant denies the allegations of paragraph 15.

### FACTUAL ALLEGATIONS

16.   Defendant admits that it provides trucking services, has operated in California since approximately 1973, and that it is required to comply with certain of California's labor law. Except as expressly admitted above, Defendant denies the remaining allegations of paragraph 16, including those that call for a legal conclusion.

17.   Defendant admits the allegations of paragraph 17.

18.   Defendant admits the allegations of paragraph 18.

19.   Defendant admits the allegations of paragraph 19.

20.   Defendant admits the allegations of paragraph 20.

21.   Defendant denies the allegations of paragraph 21.

### FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THOSE SIMILARLY SITUATED AGAINST ALL DEFENDANTS

**(Violation of California Labor Code § 226.7 – Failure to Provide Rest Periods)**

22.   Defendant can not admit or deny the statement contained in paragraph 22 since it does not contain any factual allegations.

23.   Defendant denies the allegations of paragraph 23.

24.   Defendant admits that the IWC's Wage Order No. 9-2001 contains the language set forth in paragraph 24. Except as expressly admitted above, Defendant denies the remaining allegations of paragraph 24.

25.   Defendant can not admit or deny the statements contained in paragraph 25 since they do not contain any factual allegations.

- 3 -

ANSWER TO COMPLAINT
Case No. C 08-00152 CW

## SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THOSE SIMILARLY SITUATED AGAINST ALL DEFENDANTS

(Violation of California Labor Code § 226.7 – Failure to Allow Meal Periods)

26. Defendant can not admit or deny the statement contained in paragraph 26 since it does not contain any factual allegations.

27. Defendant denies the allegations of paragraph 27.

28. Defendant admits that under California law, meal periods must be recorded unless all operations cease during the scheduled meal periods. Except as expressly admitted above, Defendant denies the remaining allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant can not admit or deny the statements contained in paragraph 30 since they do not contain any factual allegations.

## THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THOSE SIMILARLY SITUATED AGAINST ALL DEFENDANTS

(Failure to Properly Itemize Wage Statements in Violation of the California Labor Code)

31. Defendant can not admit or deny the statement contained in paragraph 31 since it does not contain any factual allegations.

32. Defendant admits the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant can not admit or deny the statement contained in paragraph 34 since it does not contain any factual allegations.

## FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THOSE SIMILARLY SITUATED AGAINST ALL DEFENDANTS

(Unlawful and Unfair Business Acts and Practices in Violation of California Business & Professions Code § 17200, *et seq.*)

35. Defendant can not admit or deny the statement contained in paragraph 35 since it does not contain any factual allegations.

36. Defendant denies the allegations of paragraph 36.

- 4 -

37. Defendant denies the allegations of paragraph 37.

38. Defendant can not admit or deny the statement contained in paragraph 38 since it does not contain any factual allegations.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant can not admit or deny the statement contained in paragraph 43 since it does not contain any factual allegations.

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained herein at any time.

Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate and affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint, and each purported cause of action, fails to state facts sufficient to constitute a cause of action against the answering Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's Complaint, and each purported cause of action, is barred in whole or in part to the extent Plaintiff seeks relief for conduct occurring outside the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's Complaint, and each purported cause of action, is barred in whole or in part by Plaintiff's unclean hands and/or inequitable and wrongful conduct.

- 5 -

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's Complaint, and each purported cause of action, is barred in whole or in part because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against the answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's Complaint, and each purported cause of action, is barred in whole or in part by the principles of accord and satisfaction, and payment.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's Complaint, and each purported cause of action, is barred in whole or in part because said claims have been released by the individual(s) in question.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's Complaint, and each purported cause of action, is barred in whole or in part because at all times, Plaintiff was exempt from the overtime compensation and meal and rest period requirements of the state and federal wage and hour laws, including but not limited to, the California Labor Code and the California Industrial Welfare Commission's wage orders, pursuant to the motor carrier exemptions found at United States Department of Transportation Code of Federal Regulations, Title 49, Sections 395.1 to 395.13, Hours of Service of Drivers, or Title 13 of the California Code of Regulations, subchapter 6.5, Section 1200 and the following sections, regulating hours of drivers.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's Complaint, and each purported cause of action, is barred in whole or in part because Interstate did not require that Plaintiff work without rest or meal period breaks.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's Complaint, and each purported cause of action, is barred in whole or in part because Plaintiff has received all wages to which he has ever been entitled.

## TENTH AFFIRMATIVE DEFENSE

10. As a separate and affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the types of claims alleged in the Complaint on behalf of

- 6 -
ANSWER TO COMPLAINT
Case No. C 08-00152 CW

Plaintiff and the alleged class are matters in which individual questions predominate and, accordingly, Plaintiff fails to satisfy any of the prerequisites for class certification as to any cause of action.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The Complaint fails to the extent it asserts a class action because neither Plaintiff nor Plaintiff's counsel will fairly and adequately represent the purported class.

### TWELFTH AFFIRMATIVE DEFENSE

12. The Complaint fails to the extent it asserts a class action because the claims alleged by the named Plaintiff are neither common to nor typical of those of the class he purports to represent.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. A class claim under California Business and Professions Code § 17200 is not maintainable for, among other reasons, failure to satisfy the requirement of superiority.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Certification of a class would constitute a denial of Defendant's due process rights in violation of the Fourteenth Amendment and the California Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Without admitting the allegations of the Complaint, the answering Defendant alleges Plaintiff's claims are barred in that the alleged practices did not occur and are not unfair in any event, the public would not likely be deceived by the alleged practices, the answering Defendant would gain no competitive advantage by such alleged practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's Complaint, and each purported cause of action, is barred in whole or in part because the answering Defendant's business practices are and were not "unlawful."

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. The answering Defendant's actions were for legitimate business reasons and were not based upon a violation of public policy or other factors protected by law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Defendant's conduct was at all times privileged, undertaken in good faith, and/or justified under California law and for legitimate business reasons.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Any and all conduct of which Plaintiff complains and which is attributed to the answering Defendant or its agents or employees was a just and proper exercise of management's discretion on the part of Defendant, its agents or employees, and was undertaken for a fair and honest reason and regulated by good faith and probable cause under the circumstances existing at all times mentioned in Plaintiff's Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff is not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiff has suffered no irreparable injury based upon any alleged conduct of the answering Defendant, and Plaintiff has an adequate remedy at law for any such conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's monetary damage claims under California Business and Professions Code §§ 17000 *et seq.* and 17200 *et seq.* are barred in their entirety by these very statutes and other legal authority.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. The named Plaintiff lacks standing to bring claims brought pursuant to California Business and Professions Code § 17200 against Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. The Complaint fails to state a claim for waiting time penalties under Labor Code § 203 and applicable federal law, in that some members of the purported class did not resign or were not discharged prior to the filing of this action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff's Complaint, and each purported cause of action, is barred in whole or in part because Defendant has at all times acted reasonably and in good faith with respect to its

- 8 -

obligations pursuant to Labor Code § 226 to make, keep, and preserve adequate and accurate records of covered employees and the wages, hours, and other conditions and practices of employment as to Defendant's employees.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Neither Plaintiff nor the members of the putative class he purports to represent are entitled to any penalty award under any California Labor Code provision because at all times relevant and material herein, Defendant acted in good faith and had reasonable grounds for believing that it did not violate the wage provisions of the California Labor Code.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff's Complaint, and each purported cause of action, is barred in whole or in part and/or recovery is precluded because the conduct of the answering Defendant was not willful and because Defendant acted at all times without malice or reckless disregard for Plaintiff's rights.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff is barred in whole or in part from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. The Complaint fails to state a cause or causes of action entitling Plaintiff to attorneys' fees on any basis.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Plaintiff's Complaint, and each purported cause of action, is barred to the extent he failed to exhaust his internal and/or administrative remedies, including without limitation those under California Labor Code §§ 98 through 98.2.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Plaintiff is barred from relief because each purported cause of action alleged in the Complaint is barred under the *de minimus* doctrine.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31. Plaintiff is barred from relief because each purported cause of action alleged in the Complaint is preempted by the Federal Aviation Administration Authorization Act of 1994.

**PRAYER FOR RELIEF**

WHEREFORE Defendant requests entry of judgment in its favor on Plaintiff's Complaint and prays that the Court:

    a.    dismiss Plaintiff's Complaint with prejudice, and

    b.    award Defendant the costs of suit and attorneys' fees incurred in defense of this action, and

    c.    grant Defendant such other and further relief as the Court may deem just and proper.

DATED: January 16, 2008        PERKINS COIE LLP

By: _____/s/_____
    David R. Burtt

Attorneys for Defendant
INTERSTATE DISTRIBUTOR CO.

ANSWER TO COMPLAINT
Case No. C 08-00152 CW

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Four Embarcadero Center, Suite 2400, San Francisco, California 94111-4131. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On January 16, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**ANSWER TO COMPLAINT**

in a sealed envelope, postage fully paid, addressed as follows:

| | |
|---|---|
| Patrick J. S. Nellies, Esq. | Patrick N. Keegan, Esq. |
| Marc G. Kroop, Esq. | Brent Jex, Esq. |
| Anthony Ruggieri, Esq. | KEEGAN & BAKER, LLP |
| John R. Goffar, Esq. | 4370 La Jolla Village Dr., Suite 640 |
| ADVANTAGE LAW GROUP, APC | San Diego, CA   92122 |
| 5820 Oberlin Dr., Suite 110 | |
| San Diego, CA   92121 | |

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 16, 2008, at San Francisco, California.

_Sheila M. Merrill_
Sheila M. Merrill

64579-0001/LEGAL13884882.1