Patrick N. Keegan, Esq. (167698)
Brent Jex, Esq. (235261)
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, California 92122
TEL: (858) 552-6750
FAX: (858) 552-6749

Patrick J.S. Nellies, Esq. (171254)
Marc G. Kroop, Esq. (168600)
**ADVANTAGE LAW GROUP, APC**
5820 Oberlin Drive, Suite 110
San Diego, California 92121
Telephone: (858) 793-8565
Facsimile: (858) 793-8569

Attorneys for Representative Plaintiff MARTIN MARINE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| MARTIN MARINE, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> INTERSTATE DISTRIBUTOR CO., a Washington corporation doing business in California; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: 08-CV-00152-CW <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND THE CASE TO STATE COURT** <br><br> Date:      March 13, 2008 <br> Time:      2:00 p.m. <br> Place:     Courtroom 2 <br><br> Hon. Claudia Wilken |

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND THE CASE TO STATE COURT

1    TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on March 13, 2008 at 2:00 p.m., or as soon

3    thereafter, in Courtroom 2 of the United State District Court, Northern District of

4    California, Oakland Division, located at 1301 Clay Street, Oakland, California 94612,

5    Plaintiff Martin Marine (or "Plaintiff") will move this Court for an order remanding

6    this case back to state court pursuant to 28 U.S.C. § 1447.

7    This motion is brought on the grounds that Plaintiff's complaint alleges claims

8    against the named defendants arising solely under California law and there is no

9    diversity of citizenship as between the named parties. Therefore, there is no subject

10    matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and there is no

11    diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Since this federal

12    Court does not have subject matter jurisdiction or diversity jurisdiction over this

13    matter, this Court is required to remand the case to state court pursuant to 28 U.S.C.

14    § 1447(c).

15    This motion is based on this notice of motion and motion, the accompanying

16    memorandum of points and authorities, and the Declaration of Martin Marine, all of

17    which have been served and filed herewith, as well as the defendant  Interstate

18    Distributor Co.'s notice of removal of action, the pleadings and papers on file herein,

19    and upon such other matters as may be presented to the Court at the time of the

20    hearing.

21    Dated: February 8, 2008                      **KEEGAN & BAKER, LLP**

22

23                                                        /s/
                                              Patrick N. Keegan, Esq.
24                                              Brent Jex, Esq.
                                              Attorneys   for   Representative
25                                              Plaintiff MARTIN MARINE

26

27

28

1  Patrick N. Keegan, Esq. (167698)
   Brent Jex, Esq. (235261)
2  **KEEGAN & BAKER, LLP**
   4370 La Jolla Village Drive, Suite 640
3  San Diego, California 92122
   TEL: (858) 552-6750
4  FAX: (858) 552-6749

5  Patrick J.S. Nellies, Esq. (171254)
   Marc G. Kroop, Esq. (168600)
6  **ADVANTAGE LAW GROUP, APC**
   5820 Oberlin Drive, Suite 110
7  San Diego, California 92121
   Telephone: (858) 793-8565
8  Facsimile: (858) 793-8569

9  Attorneys for Representative Plaintiff MARTIN MARINE

10

                    **UNITED STATES DISTRICT COURT**
11
                    **NORTHERN DISTRICT OF CALIFORNIA**
12
                          **OAKLAND DIVISION**
13

14  MARTIN MARINE, on behalf of ) CASE NO.: 08-CV-00152-CW
    himself and all others similarly )
15  situated,                       ) **PLAINTIFF'S MEMORANDUM OF**
                                    ) **POINTS AND AUTHORITIES IN**
16                   Plaintiffs,    ) **SUPPORT OF PLAINTIFF'S**
                                    ) **MOTION TO REMAND THE CASE**
17       vs.                        ) **TO STATE COURT**
                                    )
18  INTERSTATE DISTRIBUTOR CO., a )
    Washington corporation doing    ) Date: March 13, 2008
19  business in California; and DOES 1 ) Time: 2:00 p.m.
    through 100, inclusive,         ) Place: Courtroom 2
20                   Defendants.    )
                                    ) Hon. Claudia Wilken
21  —————————————————————— )

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND

# **TABLE OF CONTENTS**

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   NATURE OF THE CASE AND  SUMMARY OF THE COMPLAINT . . . 1

III.  ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    THE DEFENDANT SEEKING REMOVAL HAS THE BURDEN
        OF PROOF TO DEMONSTRATE FEDERAL JURISDICTION . . . 2

    B.    THE DEFENDANT HAS FAILED TO MEET ITS BURDEN
        OF PROOF  BY A PREPONDERANCE OF EVIDENCE THAT
        THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.  . . . . . . 4

        1.    Interstate Distributor Has Not Established With Competent
            Proof That  Plaintiff's Individual Damage Claims
            Will Exceed $75,000. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        2.    The Value of Plaintiff's Individual Injunctive Relief
            Claim Cannot Be Used to Determine Whether the Amount
            in Controversy Exceeds $75,000. . . . . . . . . . . . . . . . . . . . . 7

        3.    Defendant Has failed To Prove That Each Class Member's
            Claim Will Exceed $75,000.  . . . . . . . . . . . . . . . . . . . . . . . 8

        4.    For Jurisdictional Purposes, A Claim For Attorney Fees Must
            Be Attributed To The Entire Class, And Not Just The
            Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        5.    Defendant Has failed To Establish By A Preponderance Of
            The Evidence That Federal Jurisdiction Exists Under the
            Class Action Fairness Act  . . . . . . . . . . . . . . . . . . . . . . . . . 9

    C.    WHEN DEFENDANTS IMPROPERLY REMOVE A CASE
        TO FEDERAL COURT,  PLAINTIFFS ARE ENTITLED TO
        THEIR COSTS IN MOVING TO REMAND  . . . . . . . . . . . . . . . . 10

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>CASES</u>
*Abrego v. The Dow Chemical Co.*,
443 F.3d 676 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 9

3

4

*Borgeson v. Archer-Daniels Midland Co.*,
909 F. Supp. 709 (C.D. Cal. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5

*Czechowski v. Tandy Corp.*,
731 F.Supp. 406 (N.D. Cal. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6

7

*Emrich v. Touche Ross & Co.*,
846 F.2d 1190 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8

9

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

10

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11

12

*Goldberg v. CPC International, Inc.*,
678 F.2d 1365 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

13

*Gotro v. R & B Realty Group*,
69 F.3d 1485 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

14

15

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 8

16

*Moore v. Permanente Medical Group, Inc.*,
981 F.2d 443 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

17

18

*Moris v. Bridgestone/Firestone, Inc.*,
985 F.2d 238 (6th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

19

*Morrison v. Allstate Indem. Co.*,
228 F.3d 1255 (11th Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

20

21

*Prize Frize, Inc. v. Matrix, Inc.*,
167 F.3d 1261 (9th Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

22

*Sanchez v. Monumental Life Ins. Co.*,
102 F.3d 398 (9th Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

23

24

*Snow v. Ford Motor Co.*,
561 F.2d 787 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

25

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*,
303 U.S. 283 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

26

27

28

1

**<u>STATUTES</u>**

2

28 U.S.C.

3
§ 1332(d) ........................................................... 3, 9
§ 1441(a) ............................................................. 2
§ 1447(c) ........................................................... 3, 10

4

Business & Professions Code
§ 17200 ............................................................. 7

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Martin Marine (or "Plaintiff") respectfully submits this memorandum in support of his motion to remand his case back to state court.

## I.
## INTRODUCTION

Plaintiff has moved this Court to remand his case back to the California state court where he originally filed his case because the claims he has alleged against the named defendant, Interstate Distributor Co. ("Interstate Distributor"), in his complaint arise solely under state law, and there is no diversity of citizenship as between the named parties. Specifically, Plaintiff contends that Interstate Distributor has failed to meet its burden in its removal papers to show that it is "'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement. In fact, Interstate Distributor has failed to submit *any* evidence that the aggregated Class claims are greater than $5 million. Moreover, Plaintiff's evidence submitted in support of this motion demonstrates that Plaintiff's individual claims does not exceed the jurisdictional minimum of $75,000. Since this Court does not have subject matter jurisdiction over these claims, this Court is required to remand the case to state court pursuant to 28 U.S.C. § 1447(c).

## II.
## NATURE OF THE CASE AND  SUMMARY OF THE COMPLAINT

Plaintiff's Complaint[1] alleges *four* causes of action for violations of California law *only*. Specifically, Plaintiff's Complaint alleges that Interstate Distributor violated California's laws regarding employee meal and rest periods and seeks

---

[1]    Hereinafter all "Complaint" references shall be to the "Class Action Complaint for Damages and Injunctive Relief For: 1) Failure To Provide Rest Periods; 2) Failure To Allow Meal Periods; 3) Failure To Provide Properly Itemized Wage Statements In Violation Of The California Labor Code; and 4) Unlawful, Fraudulent and Unfair Business Acts and Practices in Violation of California Business & Professions Code §17200, *et seq.*", file on November 28, 2007 in the Superior Court of the State of California, for the County of Alameda, Case No. RG07358277.

1  injunctive relief for violations of California Business and Professions Code §§17200
2  *et seq*. (The Unfair Competition Laws).  (Complaint, ¶¶ 22-43).

3        This class action is brought by a California resident on behalf of a putative
4  class of California residents against Interstate Distributor who does business in the
5  state of California.  (Complaint, ¶¶4,5,8 ).  Specifically, Plaintiffs' action is brought
6  on behalf of a putative class defined as "all persons employed by Defendant
7  INTERSTATE DISTRIBUTOR CO. in the position of Company Driver in the State
8  of California (the "Class") during the period commencing from November 21, 2003
9  up until the date of trial (the "Class Period")."  (Complaint, ¶ 8).  Interstate
10  Distributor is qualified and registered to do business, and in fact does business, in the
11  State of California, including controlling the employment and the method of payment
12  of wages to Plaintiff and each member of the putative class in the State of California.
13  (Complaint, ¶4).

14        Nowhere in the Complaint does the Plaintiff specify the amount of damages
15  sought on his behalf or on behalf of the Class.  (*See*, Complaint, ¶¶25, 30, 34, 43; and
16  p. 17/lines 4-6 at PRAYER).  Similarly, the Plaintiff did not specify the number of
17  Class members.  (Complaint, ¶9).

18        To summarize the allegations in the complaint, Plaintiff alleges that Interstate
19  Distributor failed to comply with California laws by regularly denying its Company
20  Drivers with regular meals and rest periods in which Company Drivers were relieved
21  of all duties and appropriate rest periods in violation of Industrial Welfare
22  Commission ("IWC") Wage Order 9-2001, section 512 of the California Labor Code
23  and 8 California Code of Regulations § 11090.  (*See* Complaint, ¶ 1).

24
25
                               **III.**
                         **ARGUMENT**

26  **A.    THE DEFENDANT SEEKING REMOVAL HAS THE BURDEN OF
PROOF TO DEMONSTRATE FEDERAL JURISDICTION.**

27        A federal court may retain jurisdiction over a removed case only if jurisdiction
28  existed over the suit as originally brought by the plaintiff.  28 U.S.C. § 1441(a).

Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in removal procedure."  28 U.S.C. § 1447(c).  In response to a motion to remand under 28 U.S.C. § 1447(c), defendants, the parties who invoked federal jurisdiction, bear the burden of proving the existence of federal jurisdiction: the existence of diversity, the amount in controversy, or the federal nature of the claim. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); and *Daniels, et al. v. Philip Morris Companies, Inc., et al.*, 18 F. Supp. 2d 1110, 1112 (S.D. Cal. 1998).  Indeed, there is a "strong presumption" *against* removal jurisdiction.  *See*, *Prize Frize, Inc. v. Matrix, Inc.,* 167 F.3d 1261, 1265 (9th Cir.1999); *Gaus*, *supra*, 980 F.2d at 566; *Daniels*, *supra*, 18 F. Supp. 2d at 1112; and *Borgeson v. Archer-Daniels Midland Co.*, 909 F. Supp. 709, 713 (C.D. Cal. 1995).

The recent enactment of the Class Action Fairness Act ("CAFA") of 2005 (28 U.S.C. § 1332(d)) did not alter "the longstanding rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction." *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 686 (9th Cir. 2006) (per curiam).

In cases removed from state court, the removing defendant has "always" borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement.  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Where the complaint does *not* specify the amount of damages sought, the removing defendant must prove by a *preponderance of the evidence* that the amount in controversy requirement has been met.  *Id.* at 566-67;  *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996) ("Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement.).  In the Ninth Circuit, this standard applies only if the state court complaint does *not* specify the

1   amount sought as damages.[2] Here, the Complaint does *not* specify the amount sought

2   as damages.  (Complaint, ¶¶25, 30, 34, 43; and p. 17/lines 4-6 at PRAYER).

3   **B.    THE DEFENDANT HAS FAILED TO MEET ITS BURDEN OF PROOF**
       **BY A PREPONDERANCE OF EVIDENCE THAT THE AMOUNT IN**
4      **CONTROVERSY EXCEEDS $75,000.**

5          The claims of each plaintiff against each defendant are considered separately.

6   *Gibson v. Chrysler Corp.,* 261 F.3d 927, 943 (9th Cir.2001).  To find diversity

7   jurisdiction, there must be at least one such individual claim that exceeds the $75,000

8   threshold.  *Id.*  Multiple claims could be combined only if they were joint or common

9   claims.  *Id.  See*, *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1262 (11th

10  Cir.2000)(aggregation permitted pre-CAFA only where plaintiffs suing to enforce

11  single title or right in which they had a common and undivided interest).  The Ninth

12  Circuit does not permit the value of injunctive relief sought in a class action to be

13  determined by examination of its potential aggregate cost to the defendant.  *See*,

14  *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 859 (9th Cir. 2001); *Snow v. Ford*

15  *Motor Co.,* 561 F.2d 787, 789 (9th Cir. 1977) (holding that "if plaintiff cannot

16  aggregate to fulfill the jurisdictional requirement of § 1332, then neither can a

17  defendant who invokes the removal provisions under § 1441.").  The amount in

18  controversy depends on the nature and value of each Class member's separate claim.

19  *See id.*  Whether taken from the perspective of the Class members or the defendant,

20  the monetary value of the claims in this matter "are so uncertain that the court cannot

21

22  _____

23      [2]      If the complaint filed in state court alleges damages in excess of the
    required federal jurisdictional amount, remand is warranted only if it appears to a
24  "legal certainty" that the claim is actually for less than the jurisdictional minimum.
    *Abrego v. the Dow Chemical Co.*, 443 F.3d 676, 683 fn. 8 (9th Cir. 2006) (citing
25  *Sanchez,* 102 F.3d at 402; and *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303
    U.S. 283, 288-89, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (stating that "the sum claimed
26  by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t
    must appear to a legal certainty that the claim is really for less than the jurisdictional
27  amount to justify dismissal")).
28

reasonably determine whether the amount of money placed in controversy by the present suit exceeds [the requisite amount in controversy]" to establish federal jurisdiction by a preponderance of evidence. *See*, *Morrison v. Allstate Indem. Co.*, 228 F.3d at 1269.

Furthermore, although Plaintiff also states in the general prayer for relief that he also seek damages, (Complaint, p. 17/lines 4-6 at PRAYER), the amount of monetary damages is unspecified. Moreover, Defendant did not offer any proof of the aggregate claims of the proposed class members in its removal papers, and instead merely speculated that Plaintiff's individual damages were greater than $75,000 based upon the allegations in the Complaint. (Notice of Removal, ¶17). As a result, absent affirmative evidence provided by Interstate Distributor, mere citation to the allegations contained in the Complaint is insufficient to meet the burden of establishing federal jurisdiction by a preponderance of evidence.

### 1. Interstate Distributor Has Not Established With Competent Proof That Plaintiff's Individual Damage Claims Will Exceed $75,000.

Here, Interstate Distributor has failed to offer any competent evidence or argument that Plaintiff's claim will exceed $75,000. Instead, Interstate Distributor refers only to the allegations in the Complaint. (Def.'s Mem., pp. 2:21-3:3). This cursory analysis is far below a "preponderance of the evidence" that the amount in controversy will exceed $75,000. Indeed, Defendant has failed to offer even a single declaration or other competent piece of evidence to support its assertion that the amount in controversy exceeds $75,000. Again, absent affirmative evidence provided by Defendant, mere citation to the allegations contained in the complaint is insufficient to meet the burden of establishing federal jurisdiction by a preponderance of evidence.

Moreover, Plaintiff's own declaration and an objective reading of the Complaint demonstrates that Plaintiff's individual claims do not exceed the jurisdictional minimum of $75,000. Plaintiff's first and second causes of action for

1    missed rest and meal periods, respectively, seek one hour's compensation for each

2    missed rest and meal period not taken. (Complaint, ¶¶25 & 30). Again, Plaintiff has

3    been employed by defendant since July 17, 2006, approximately 82 weeks. Plaintiff

4    earns a salary of $16.00 per hour of employment. (Marine Decl., ¶2:3-4). Plaintiff

5    works five shifts per week on average, (Marine Decl., ¶2:3-4), meaning there are a

6    maximum of 410 work days in question, assuming Plaintiff never took a vacation,

7    holiday, or called in sick.[3] Plaintiff's shifts lasted approximately 7 to 14 hours.

8    (Marine Decl., ¶2:9-10). Assuming Plaintiff worked a 14-hour shift *every* work day,

9    he would be owed 2 meal breaks and 3 rest breaks under California's wage and hour

10   laws. *See* CA IWC, Wage Order No. 9-2001 [one 10-minute rest break per every 4

11   hours or major fraction thereof and one 30-minute meal break for every 5 hours or

12   fraction thereof]; *see also* Cal. Lab. Code §§ 226.7, 512.

13   Plaintiff is seeking 1 hour of compensation for each missed meal period and

14   rest period. (Complaint, ¶¶25 & 30). Assuming Plaintiff is awarded the maximum

15   5 hours of compensation (for 2 missed meal periods and 3 missed rest periods) for

16   each of the maximum 410 workdays, Plaintiff's total amount of damages for the first

17   and second causes of action would be **<u>$32,800</u>** (5 hours/workday x 410 workdays x

18   $16 / hour = $32,800).

19   Plaintiff's damages on the third cause of action for failure to provide properly

20   itemized wage statements in violation of California Labor Code section 226 are

21   statutorily capped at $4,000. Cal. Lab. Code § 226(e). Plaintiff has been employed

22   by Interstate Distributor since July 17, 2006, approximately 82 weeks. (Marine Dec.,

23   ¶2:1-2). Since Plaintiff receives weekly paychecks in those 82 weeks, Plaintiff's

24   damages on his third cause of action exceeds the maximum amount of $4,000 since,

25   under California Labor Code section 226(e), there is a $100 penalty for the first

26

27   [3]    Plaintiff actually missed 3 days due to illness and took a week's
      vacation. (Marine Decl., ¶3). However, even including these days, Plaintiff's
28   damages are still well below the $75,000 threshold, as demonstrated above.

1   violation, and $50 penalty for each subsequent violation (1 x $100 + 81 x $50
2   [$4050] = $4,150). Therefore, Plaintiff's damages on his third cause of action will be
3   capped at **$4,000**.

4   Adding in the $4,000 maximum award on Plaintiff's third cause of action,
5   **Plaintiff's total damages under the first, second and third causes of action are**
6   **$36,800**; far below the $75,000 threshold required for federal diversity jurisdiction.
7   Not only has Interstate Distributor failed to establish with competent proof that the
8   amount in controversy exceeds $75,000, Plaintiff's Complaint and declaration
9   demonstrates that the maximum amount Plaintiff could be awarded under his first,
10  second and third causes of action is less than half the threshold to establish federal
11  diversity jurisdiction. Therefore, Plaintiff respectfully requests that the Court should
12  grant Plaintiff's motion to remand this action back to Alameda Superior Court.

13          **2.    The Value of Plaintiff's Individual Injunctive Relief Claim Cannot**
               **Be Used to Determine Whether the Amount in Controversy Exceeds**
14             **$75,000.**

15  Plaintiff's fourth cause of action is for injunctive relief under California's
16  Unfair Competition Laws (Bus. & Prof. Code §§ 17200 *et seq*.)  As discussed above,
17  the Ninth Circuit does not permit the value of injunctive relief sought in a class action
18  to be determined by examination of its potential aggregate cost to Interstate
19  Distributor. *See Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 859 (9th Cir. 2001);
20  *Snow v. Ford Motor Co.,* 561 F.2d 787, 789 (9th Cir. 1977). As such, for purposes of
21  determining federal diversity jurisdiction, it is only proper to consider damages
22  sought under Plaintiff's first, second and third causes of action. Since this Court does
23  not have subject matter jurisdiction over these claims, Plaintiff respectfully requests
24  that the Court grant Plaintiff's motion to remand this action back to Alameda Superior
25  Court.

26  / / /
27  / / /
28  / / /

### 3. Defendant Has failed To Prove That Each Class Member's Claim Will Exceed $75,000.

To satisfy the amount in controversy requirement in a class action suit, Interstate Distributor must prove that each Class member of the proposed class has a monetary claim that exceeds $75,000. *Kanter v. Warner-Lambert*, 52 F.Supp.2d 1126, 1129 (N.D. Cal. 1999); *Czechowski v. Tandy Corp.*, 731 F.Supp. 406, 409 (N.D. Cal. 1990). The Class Period encompasses the four years prior to the filing of the Complaint: November 21, 2003 through November 28, 2007, and the Class includes all Company Drivers in California during this time period. (Complaint, ¶8). Not only does Plaintiff's claims not exceed $75,000, but the Class includes Company Drivers that may have been hired less than 82 weeks preceding the filing of the Complaint, whose damages arise from a much smaller period of time, and therefore have individual damage claims that are far less than Plaintiff's amount of total damages.

Because Interstate Distributor has failed to prove that each class member's claim will exceed $75,000, including Plaintiff, new and recent hires by Defendant, Plaintiff respectfully requests that the Court issue an order remanding this action back to Alameda County Superior Court.

### 4. For Jurisdictional Purposes, A Claim For Attorney Fees Must Be Attributed To The Entire Class, And Not Just The Lead Plaintiff.

Interstate Distributor asserts that the amount in controversy will exceeds $75,000 because, *inter alia*, the Complaint demands attorney fees. This argument is meritless. For class action cases, attorneys' fees must be attributed to the entire class - not just the lead plaintiff - and are not treated as an undivided common fund to satisfy the jurisdictional minimum. *Kanter v. Warner-Lambert*, 52 F.Supp.2d 1126, 1129 (N.D. Cal. 1999), citing *Goldberg v. CPC International, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982). Here, Defendant has failed to articulate what amount of attorney fees would be awarded to the Plaintiff and the Class, and how that award of attorneys fees would increase the amount in controversy to over $75,000 for each

1    Class member, as is its burden.  Because Interstate Distributor has failed to present

2    any evidence as to the amount of attorney fees that would be awarded to the Plaintiff

3    and the Class, and how that award of attorneys fees would increase the amount in

4    controversy to over $75,000 for each Class member, Plaintiff respectfully requests

5    that the Court issue an order remanding this action back to Alameda County Superior

6    Court.

7          **5.    Defendant Has failed To Establish By A Preponderance Of The
           Evidence That Federal Jurisdiction Exists Under the Class Action
8          Fairness Act.**

9          The Class Action Fairness Act ("CAFA") of 2005 (28 U.S.C. § 1332(d)) grants

10   federal subject matter jurisdiction for any civil action when: (1) a putative class is

11   alleged to have 100 or more members; (2) the aggregate claim exceeds $5 million,

12   exclusive of interest and costs; and (3) any member of a class of plaintiffs is a citizen

13   of a state different from any defendant.  28 U.S.C. § 1332(d).  The recent enactment

14   of CAFA did not alter "the longstanding rule that the party seeking federal

15   jurisdiction on removal bears the burden of establishing that jurisdiction." *Abrego*

16   *v. The Dow Chemical Co.*, 443 F.3d 676, 686 (9th Cir. 2006) (per curiam).  Here,

17   Interstate Distributor has failed to offer any supporting evidence to show that the

18   putative class is over 100 members, or that the aggregate claim exceeds $5 million.

19   This is evidence readily at defendant's disposal, and it is telling that defendant failed

20   to offer any evidence to support the existence of federal subject matter jurisdiction

21   under CAFA.

22         Because Interstate Distributor has failed to present any evidence that the Class

23   is comprised of 100 or more members, and that the aggregate Class claim exceeds $5

24   million, Plaintiff respectfully requests that the Court issue an order remanding this

25   action back to Alameda County Superior Court.

26   / / /

27   / / /

28   / / /

1   **C.    WHEN DEFENDANTS IMPROPERLY REMOVE A CASE TO
2        FEDERAL COURT, PLAINTIFFS ARE ENTITLED TO THEIR COSTS
        IN MOVING TO REMAND.**

3        Plaintiff also requests that this Court order, pursuant to 28 U.S.C. § 1447(c),

4   that defendant pays Plaintiff's "just costs and actual expenses, including attorneys

5   fees, incurred as a result of the removal." *See Moris v. Bridgestone/Firestone, Inc.*,

6   985 F.2d 238, 240 (6th Cir. 1993) ("a finding of an improper purpose is not necessary

7   to support an award under" Section 1447(c)); *Gotro v. R & B Realty Group*, 69 F.3d

8   1485, 1488 (9th Cir. 1995); *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443,

9   446 (9th Cir. 1992) (an award under Section 1447(c) does *not* require a showing that

10  the removal was "frivolous" or lacked an "objective reasonable basis").

11                          **IV.**
                      **CONCLUSION**
12
        Based upon the foregoing, Plaintiff respectfully requests that his case be
13
    remanded to the Superior Court of the State of California for the County of Alameda
14
    and that he be awarded his costs and actual expenses, including attorneys fees,
15
    incurred as a result of the removal.
16

17

    Dated: February 8, 2008                    **KEEGAN & BAKER, LLP**
18

19
                                              _____/s_____
20                                            Patrick N. Keegan, Esq.
                                              Brent Jex, Esq.
21                                            Attorneys for Representative Plaintiff
                                              MARTIN MARINE
22

23

24

25

26

27

28

---

Patrick N. Keegan, Esq. (167698)
Brent Jex, Esq. (235261)
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, California 92122
TEL: (858) 552-6750
FAX: (858) 552-6749

Patrick J.S. Nellies, Esq. (171254)
Marc G. Kroop, Esq. (168600)
**ADVANTAGE LAW GROUP, APC**
5820 Oberlin Drive, Suite 110
San Diego, California 92121
Telephone: (858) 793-8565
Facsimile: (858) 793-8569

Attorneys for Representative Plaintiff MARTIN MARINE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| MARTIN MARINE, on behalf of himself and all others similarly situated,<br><br>                              Plaintiffs,<br><br>         vs.<br><br>INTERSTATE DISTRIBUTOR CO., a corporation ; and DOES 1 through 100, inclusive,<br><br>                              Defendants. | CASE NO.: 08-CV-00152-CW<br><br>**DECLARATION OF MARTIN MARINE IN SUPPORT OF MOTION TO REMAND TO STATE COURT**<br><br>Date: March 13, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 2<br><br>Hon. Claudia Wilken |

DECLARATION OF MARTIN MARINE IN SUPPORT OF MOTION TO REMAND

1   Patrick J.S. Nellies (SBN 171254)
    Marc G. Kroop (SBN 168600)
2   **ADVANTAGE LAW GROUP, APC**
    5820 Oberlin Drive, Suite 110
3   San Diego, California 92121
    Telephone: (858) 793-8565
4   Facsimile: (858) 793-8569

5   Patrick N. Keegan, Esq. (167698)
    Jason E. Baker, Esq. (197666)
6   Peter N. Karvelis (216299)
    **KEEGAN, MACALUSO & BAKER**
7   4370 La Jolla Village Drive, Suite 640
    San Diego, California 92122
8   TEL:   (858) 552-6750
    FAX:   (858) 552-6749
9
    Attorneys for Plaintiff and the Class
10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                   **FOR THE COUNTY OF ALAMEDA**

13   MARTIN MARINE, on behalf of himself and all      )   CASE NO.: RG 07358277
     others similarly situated,                       )
14                                                    )   **DECLARATION  OF  MARTIN**
                                          Plaintiffs, )   **MARINE IN SUPPORT OF MOTION**
15                                                    )   **TO REMAND**
     vs.                                              )
16                                                    )   DATE:
                                                      )   TIME:
17   INTERSTATE DISTRIBUTOR CO., a                    )   DEPT:
     corporation ; and DOES 1 through 100, inclusive, )   JUDGE:
18                                                    )
                                                      )
19                                        Defendants. )
                                                      )
20   ─────────────────────────────────────────────── )

21       I, Martin Marine, hereby declare as follows:

22       I am the named Plaintiff in the above entitled action and I seek to represent a Class of

23   composed of all persons employed by Defendant Interstate Distributor Co. in the position of

24   Company Driver in the State of California (the "Class") during the period commencing from

25   November 21, 2003 up until the date of trial (the "Class Period"). I have personal knowledge of the

26   following facts and if called upon as a witness I could and would competently testify to the matters

27   stated herein.

28   ///

                                              -1-
              DECLARATION OF MARTIN MARINE IN SUPPORT OF MOTION TO REMAND

1    I have been employed as a Driver by DEFENDANT Interstate Distributor Co. ("Interstate")

2    continuously since approximately July 17, 2006.

3    Since the beginning of my employment, I have earned a salary of $16.00 per hour and I work

4    five shifts per week. On two or three occasions during my employment I have worked an extra shift

5    on a day off working inside the yard. I have missed shifts due to illness on approximately three

6    occasions during my employment. I also took one week of vacation in 2007.

7    When I started my employment with Interstate, my typical shift began 8:00 p.m. in the

8    evening and I would work on average 7 to 14 hours per day.

9    After approximately 2 months of my employment with Interstate, my schedule changed and

10   I began working beginning at 7:30 p.m. Those shifts also lasted approximately 7 to 14 hours.

11   After the filing of this lawsuit, in January 2008, Interstate has changed my shift hours.

12   Interstate changed my shift start time to 9:00 p.m. and Interstate has decreased my shift hours to

13   approximately 5 to 7 hours for no reasonable explanation.

14   From the beginning of my employment through approximately the end of December 2007,

15   the time I worked for Interstate was recorded on the company truck's state-of-the art mobile satellite

16   tracking and communications system, using the Qualcomm system. That system worked on a keypad

17   for which drivers like myself entered codes or "mircos" in order to track time. Typically, I arrived

18   at work and clocked in on the Qualcomm system by entering micro 28 on the keypad. From that

19   point forward, any meals were tracked by clocking out by entering micro 33 and then clocking back

20   in at conclusion of the meal period by entering micro 34 on the keypad.

21   Since January 2008, I have been working on newer trucks with a different state-of-the art

22   mobile satellite tracking and communications system using Drivertech. On the new Drivertech

23   system, time is recorded by clocking in when the shift begins. The micros on the new Drivertech

24   system are the same as the Qualcomm system for clocking in start and clocking out to end the day.

25   The micros for clocking in and out for lunches are also the same as the micros on the Qualcomm

26   system I previously used.

27   From the beginning of my employment from July 2006 through January 25, 2008, I was only

28   able to clock out for lunch on a few occasions due to Interstate's prohibitive scheduling of routes

1   which did not permit me to take time out during the day for my 30 minute meal period(s).  Similarly,

2   from the beginning of my employment from July 2006 through January 25, 2008, I have never been

3   able to take regular rest periods in which I have been relieved of all duties for 10 minute intervals.

4         I am aware that other drivers who are putative Class members were also assigned prohibitive

5   route schedules and were unable to take regular meal and rest periods due to the route scheduling

6   by Interstate.  It is my understanding that other Class members have also regularly not been able to

7   take 30 minute meal period(s) nor been able to clock out for such meal breaks.

8         I declare under penalty of perjury under the laws of the State of California that the foregoing

9   is true and correct and this declaration is executed this 4th day of February, 2008 in San Diego,

10  California.

11

12        By: _____

13              Martin Marine

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

1  Patrick N. Keegan, Esq. (167698)
   Brent Jex, Esq. (235261)
2  **KEEGAN & BAKER, LLP**
   4370 La Jolla Village Drive, Suite 640
3  San Diego, California 92122
   TEL:  (858) 552-6750
4  FAX: (858) 552-6749

5  Patrick J.S. Nellies, Esq. (171254)
   Marc G. Kroop, Esq. (168600)
6  **ADVANTAGE LAW GROUP, APC**
   5820 Oberlin Drive, Suite 110
7  San Diego, California 92121
   Telephone: (858) 793-8565
8  Facsimile: (858) 793-8569

9  Attorneys for Representative Plaintiff MARTIN MARINE

10

11                 **UNITED STATES DISTRICT COURT**

12             **NORTHERN DISTRICT OF CALIFORNIA**

13                    **OAKLAND DIVISION**

14  MARTIN MARINE, on behalf of )   CASE NO.: 08-CV-00152-CW
    himself and all others similarly )
15  situated,                         )   **PROOF OF SERVICE**
                                      )
16              Plaintiffs,           )
                                      )
17        vs.                         )
                                      )   Date:  March 13, 2008
18  INTERSTATE DISTRIBUTOR CO., a )       Time:  2:00 p.m.
    corporation ; and DOES 1 through 100, )  Place: Courtroom 2
19  inclusive,                        )
                                      )   Hon. Claudia Wilken
20              Defendants.           )
                                      )
21  _____ )

22      I, **Patrick N. Keegan**, declare that I am over the age of 18 years and am not a

23  party to the case; I am employed in the County of San Diego, California, where the

24  mailing occurs; and my business address is 4370 La Jolla Village Drive, Suite 640,

25  San Diego, California 92122.  I further declare that I am readily familiar with the

26  business' practice for collection and processing of correspondence for mailing with

27  the United States Postal Service; and that the correspondence shall be deposited with

28  the United States Postal Service via First Class Mail on that same day in the ordinary

    course of business.

                              -1-

1    I caused to be served the following document:

2    **1.    PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND
      THE CASE TO STATE COURT**

3

4    **2.    PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
      SUPPORT OF PLAINTIFF'S MOTION TO REMAND THE CASE TO
      STATE COURT; and**

5

6    **3.    DECLARATION OF MARTIN MARINE IN SUPPORT OF MOTION
      TO REMAND THE CASE TO STATE COURT**

7    by placing a true copy of each document in a separate envelope addressed to each

8    addressee, respectively, as follows:

9                            Jonmi Nai On Koo, Esq.
                              David R. Burtt, Esq.
10                      David Raymond Ongaro, Esq.
                              PERKINS COI LLP
11                    4 Embarcadero Center, Suite 2400
                         San Francisco, CA 94111
12                           Tel: (415) 344-7000
                             Fax: (415) 344-7250
13

14    I then sealed each envelope, and with postage thereon fully prepaid,

      ☒    **BY MAIL**:  This same day and at my business shown above, I placed each for
15         deposit in the United States Postal Service, via First Class Mail, following
           ordinary business practices.
16

      ☐    **BY PERSONAL DELIVERY**:  I caused each envelope to be hand-delivered
17         to each addressee leaving said envelope with either the addressee directly or
           another person at that address authorized to accept service on the addressee's
18         behalf.

19    ☐    **BY FACSIMILE TRANSMISSION**:  In addition to service by mail as set
           forth above, the counsel or interested party authorized to accept service was
20         also forwarded a copy of said document(s) by facsimile transmission at the
           telefax number corresponding with his/her/its name.  The facsimile machine
21         I used complied with CRC Rule 2003(3) and no error was reported by the
           machine.  Pursuant to CRC Rule 2005(i), I caused the machine to print a
22         transmission record of the transmission, a copy of which is attached to this
           declaration.
23

      ☐    **BY OVERNIGHT COURIER:** I placed the above-referenced document(s)
24         in an envelope for collection and delivery on this date in accordance with
           standard FEDERAL EXPRESS overnight delivery procedures.
25

26

27

28

1

2

☐    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

3

■    (Federal) I declare that I am employed in the office of member of the bar of this court as whose direction the service was made.

4

DATED: February 8, 2008                                    /s/

5                                                                    **Patrick N. Keegan**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-